NEVADA REAL ESTATE COMMISSION, Appellant, *v.* O. O. RESSEL, Also Known as RAY RESSEL, an Individual, and RAY RESSEL, Doing Business as WESTERN LANDS, Respondents.

No. 3908

March 20, 1956.                    294 P.2d 1115.

*Milton W. Keefer,* of Las Vegas, and *Sidney W. Robinson,* of Reno, for Appellant.

**OPINION**

By the Court, BADT, J.:

The sole question presented by this appeal is: Is proof of irreparable damage essential to the granting of an injunction against continued violation of the provisions of the Nevada Real Estate Brokers Act? Secs. 6396.01–6396.35, N.C.L.1943–1949 Supp. We answer in the negative.

The act in question defines real estate brokers and requires that all persons operating as such obtain a license from the Nevada State Real Estate Commission. Appellant's complaint brought respondents squarely within the provisions of the act, alleged respondents' threatened continued violation, and sought an injunction under sec. 6396.31, reading as follows:

"Whenever the [commission] believes from evidence satisfactory to it, that any person has violated or is about to violate any of the provisions of this act, or any order, license, permit, decision, demand, or requirement, or any part or provision thereof, it may bring an action in the name of the [commission] in the district court of the State of Nevada in and for the county wherein such person resides, against such person to enjoin such person from continuing such violation or engaging therein or doing any act or acts in furtherance thereof. In this action an order or judgment may be entered awarding such preliminary or final injunction as may be proper, but no preliminary injunction or temporary restraining order shall be granted without at least five days' notice to the opposite party."

At the trial respondents admitted that all of the allegations of fact in the complaint were true. The court agreed that proof was unnecessary but denied injunctive relief on the ground that there was no proof of irreparable injury, an element deemed by the learned trial judge to be essential to this equitable remedy. Appellant concedes the propriety of such conclusion in the absence of statute, but contends that where the statute provides for injunctive relief, no invasion of a property right need be shown, as the statute effects an enlargement of the equity powers of the court. Justification of this contention is found in the opinion of this court in Itcaina v. Marble, 56 Nev. 420, 55 P.2d 625, 630, and in the cases therein cited.

"By the 1931 grazing act, the legislature has determined that its purpose can be best accomplished by securing in their use those graziers who have established themselves as such, by the continuous, open, notorious, peaceable and public use of said lands seasonally for a period of five years or longer immediately prior to the approval of the act. It has likewise determined that the remedy of injunction is one of the means best adapted to enforce the purposes of the act.

"We are of the opinion that it had power to confer upon courts of equity jurisdiction of a case arising under the statute notwithstanding no property right could be invaded by one violating the provisions of the act. It is well settled that the state, in the exercise of its police powers, may authorize courts of equity in proper cases to prohibit by injunction the violation of the provisions of an act of the legislature, though no property right is involved. Board of Medical Examiners of State of Utah v. Freenor, 47 Utah 430, 154 P. 941, Ann. Cas. 1917E, 1156; Board of Medical Examiners v. Blair, 57 Utah 516, 196 P. 221; Ex Parte Allison, 48 Tex. Cr. R. 634, 90 S. W. 492, [3 L.R.A., N.S. 622], 13 Ann. Cas. 684; McMillan v. Livestock Board, 119 Miss. 500, 81

So. 169; Rochester v. Gutberlett, 211 N. Y. 309, 105 N. E. 548, L.R.A. 1915D, 209, Ann. Cas. 1915C, 483; Clopton v. State (Tex. Civ. App.), 105 S. W. 994; Campbell v. Peacock (Tex. Civ. App.), 176 S. W. 774."

This is indeed supported by the overwhelming weight of authority. See United States v. Beatty, 88 Fed. S. 646, 651. The legislature has declared, as a public policy of Nevada, that the best public interests are served by requiring that real estate brokers be licensed and that attempts so to act without the required license may be enjoined.

It is next contended that the language of the act as above quoted is permissive only and leaves the matter of the granting or denying of an injunction to the discretion of the district court. This contention grows out of the language providing that in an action brought by the commission to enjoin violation of the act, "an order or judgment *may* be entered awarding such preliminary or final injunction *as may be proper.*" The contention is without merit. The state's policy having been declared, the sole conditions for the issuance of the injunction are those fixed by the act itself. United States v. Beatty, supra. And respondents were brought squarely within those conditions. There was no area for the exercise of discretion. In such cases the use of "may" to mean "shall" has been recognized in cases too numerous to mention, especially where used to define the duties of public officers, and where the public interests are concerned. Smith v. City Commission of City of Grand Rapids, 281 Mich. 235, 274 N.W. 776.

The judgment is reversed with costs and the case remanded with direction to enter judgment for the plaintiff, appellant herein, granting the injunction prayed for against respondents.

MERRILL, C. J., and EATHER, J., concur.