THE STATE OF NEVADA ex rel. OFFICE OF THE ATTOR-
NEY GENERAL, BUREAU OF CONSUMER PROTEC-
TION; FRANKIE SUE DEL PAPA, in Her Capacity as the
Attorney General of the State of Nevada; and TIMO-
THY HAY, in His Capacity as the Consumer Advocate,
Appellants, *v.* NOS COMMUNICATIONS, INC., a
Maryland Corporation; and AFFINITY NETWORKS IN-
CORPORATED, a California Corporation, Respondents.

No. 40348

February 25, 2004                                    84 P.3d 1052

*Brian Sandoval,* Attorney General, and *John R. McGlamery,*
Deputy Attorney General, Carson City, for Appellants.

*Lionel Sawyer & Collins* and *Laura K. Granier* and *Dan R.
Reaser,* Reno, for Respondents.

Before SHEARING, C. J., BECKER and GIBBONS, JJ.

## OPINION

*Per Curiam:*

This appeal involves determination of the standards that govern the issuance of a preliminary injunction when a government agency seeks injunctive relief under a consumer protection statute. To obtain injunctive relief, the state or government agency must demonstrate a reasonable likelihood that the statutory conditions authorizing injunctive relief exist. No showing of irreparable injury or inadequate legal remedy is necessary. Although in this case the district court applied an incorrect standard in reviewing the request for injunctive relief, we affirm the district court order on other grounds.

### FACTS

Respondents NOS Communications, Inc., and Affinity Networks Incorporated (collectively, the Company) provide intrastate and interstate telecommunication services to business and residential customers throughout the nation, including Nevada.

Based on numerous customer complaints filed against the Company, appellant Office of the Attorney General, Bureau of Consumer Protection (BCP) determined that the Company was engaging in deceptive trade practices in violation of NRS 598.0963. NRS 598.0963(3) provides that the Attorney General's Office may bring an action for injunctive relief against a person engaging in a deceptive trade practice.

Before the BCP filed an enforcement action under NRS 598.0963, the Company filed a complaint for declaratory judgment and injunctive relief against the BCP. The Company sought a declaration that it was not engaging in deceptive trade practices.

Shortly after filing an answer, but without filing a counterclaim, the BCP filed a motion for a preliminary injunction. The BCP sought to enjoin the Company from engaging in allegedly deceptive trade practices. The Company denies that it engaged in deceptive trade practices.

The district court denied the BCP injunctive relief, concluding that an existing administrative hearing—a Nevada Public Utility Commission (PUC) rulemaking workshop involving enactment of a consumers' bill of rights involving some of the disputed practices—was an adequate remedy at law. This appeal followed.

## DISCUSSION

Whether a preliminary injunction should be granted is a question addressed to the district court's discretion.[1] "The denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact."[2]

### I. *Procedural defect*

NRS 598.0963(3) allows the BCP to obtain injunctive relief when it "bring[s] an action in the name of the State of Nevada." Pursuant to the statute, the BCP is required to assert an affirmative claim to obtain injunctive relief. Because the BCP did not assert an affirmative claim for injunctive relief in its answer or through a counterclaim and did not attach affidavits containing admissible statements or admissible documents to the motion, we conclude that the motion for preliminary injunction was procedurally defective. Therefore, we conclude that the district court did not abuse its discretion by denying the BCP injunctive relief.[3] However, we address the merits of the district court's ruling to clarify our jurisprudence in this area.

### II. *Preliminary injunction standard for statutory enforcement action*

The BCP urges this court to follow *Nevada Real Estate Commission v. Ressel*[4] and caselaw from other jurisdictions that

---

[1]*Nevada Escrow Service, Inc. v. Crockett,* 91 Nev. 201, 202-03, 533 P.2d 471, 472 (1975).

[2]*U.S. v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992).

[3]*See Hotel Riviera, Inc. v. Torres,* 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) (stating that appellate court will uphold lower court decision even if it relied on wrong grounds so long as it reached correct result).

[4]72 Nev. 79, 294 P.2d 1115 (1956).

presume irreparable injury in a statutory enforcement action. The Company argues that the district court applied the proper traditional standard for injunctive relief, requiring a showing of irreparable injury and an inadequate remedy at law.[5] We agree with the BCP.

In *Ressel,* a government agency sought injunctive relief in a statutory enforcement action. Unlike the case at bar, the respondents in *Ressel* admitted that the statutory conditions had been satisfied. This court concluded that the government agency was not required to prove irreparable harm in an enforcement action when the statutory conditions were met.[6]

Like Nevada, other jurisdictions presume irreparable injury when the statutory conditions of an enforcement action have been satisfied.[7] It is well settled that a state or government agency seeking injunctive relief based on an enforcement action need not plead or prove irreparable injury or an inadequate remedy at law.[8] Instead, the state or government agency must only "show that the statute was violated and that the statute relied upon specifically allows injunctive relief."[9]

In this case, in order to obtain injunctive relief, the BCP was required to show a reasonable likelihood that the statute was violated.

---

[5]*See Number One Rent-A-Car v. Ramada Inns,* 94 Nev. 779, 780-81, 587 P.2d 1329, 1330 (1978).

[6]*See Ressel,* 72 Nev. at 80-81, 294 P.2d at 1115-16 (concluding that, where a state's policy is declared by statute allowing a government agency to seek injunctive relief, the sole conditions for the issuance of such an injunction are those fixed by the act itself).

[7]*See, e.g., U.S. v. Odessa Union Warehouse Co-op,* 833 F.2d 172, 175 (9th Cir. 1987) (noting that a court's function in deciding whether to issue an injunction authorized by statute to enforce and implement congressional policy is different than when weighing claims of two private litigants); *Vill. of Riverdale v. Allied Waste Transp.,* 777 N.E.2d 684, 688 (Ill. App. Ct. 2002) (concluding that the principle underlying the willingness of courts to issue an injunction based on a statutory enforcement action is that harm to the public at large can be presumed from the statutory violation alone); *Ackerman v. Tri-City Geriatric & Health Care,* 378 N.E.2d 145, 148-49 (Ohio 1978) (concluding that a statutory action granting a government agent the right to sue for injunctive relief has a different history and purpose than an equitable action for injunctive relief); 42 Am. Jur. 2d *Injunctions* § 23 (2000) (explaining that when permanent injunctive relief is sought pursuant to statutory authority, no showing of irreparable injury is necessary and courts should not seek to apply their equitable discretion to grant an injunction).

[8]*Vill. of Riverdale,* 777 N.E.2d at 688.

[9]*Id.*

Specifically, the BCP was required to demonstrate a reasonable like-lihood that the Company was engaging in deceptive trade practices in order to obtain injunctive relief. The district court, however, analyzed the motion using traditional standards for granting equitable, rather than statutory, injunctive relief. It found that the PUC hearings constituted an adequate legal remedy and that the BCP failed to show irreparable harm. The district court then denied the motion for injunctive relief.

By considering whether the BCP had an adequate legal remedy, the district court erred because equitable considerations, such as irreparable harm and an inadequate legal remedy, are presumed in a statutory enforcement action. Thus, the only issue before the district court was whether the BCP presented admissible evidence establishing a reasonable likelihood that the Company was engaging in deceptive trade practices.[10] Once such a showing is made, an injunction should issue.

## CONCLUSION

To obtain injunctive relief in a statutory enforcement action, a state or government agency need only show, through competent evidence, a reasonable likelihood that the statute was violated and that the statute specifically allows injunctive relief. Because the BCP did not assert a counterclaim or properly support its request, we conclude that the motion for preliminary injunction was procedurally defective and was properly denied. Therefore, we affirm the district court order denying the BCP injunctive relief.[11]

---

[10]The Company argued below, and on appeal, that the BCP was prohibited from seeking injunctive relief on other grounds, including: (1) the filed rate doctrine, (2) preemption by PUC regulatory authority, (3) unconstitutional impairment on interstate commerce, (4) limitation of statutory provisions to unauthorized transfers of telecommunication provider or unauthorized charges, (5) preemption by Federal Communications Commission, and (6) equal protection violations. The district court rejected these contentions and we affirm.

[11]Nothing in this opinion is intended to prohibit the BCP from seeking to amend its pleadings and filing a new motion for injunctive relief.