PAUL D.S. EDWARDS, APPELLANT, v. EMPEROR'S GARDEN RESTAURANT; NEVADA DRAGON, INC.; TINA S. CHEN; AND ALAN CHEN, RESPONDENTS.

No. 44135

PAUL D.S. EDWARDS, APPELLANT, v. CENICOLA-HELVIN ENTERPRISES, DBA BANNERVIEW.COM; MARK CENICOLA; AND JEFF R. HELVIN, RESPONDENTS.

No. 44483

March 30, 2006                                    130 P.3d 1280

---

[19]We vacate the December 19, 2005, order granting a temporary stay of the adoption proceedings.

[Rehearing denied in No. 44483 on May 17, 2006]

*Paul D.S. Edwards*, Las Vegas, in Proper Person.

*Adams & Rocheleau, LLC*, and *James R. Adams*, Henderson, for Respondents Emperor's Garden Restaurant; Nevada Dragon, Inc.; Tina S. Chen; and Alan Chen.

*Flangas McMillan Law Group, Inc.*, and *Gus W. Flangas, John R. McMillan* and *Kimberly P. Stein*, Las Vegas, for Respondents Cenicola-Helvin Enterprises, d/b/a Bannerview.com; Mark Cenicola; and Jeff R. Helvin.

Before MAUPIN, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

These appeals present several issues concerning suits, filed in Nevada courts, that assert claims for relief under the federal Telephone Consumer Protection Act[1] (TCPA). In particular, we

---

[1]47 U.S.C. § 227 (2000).

consider issues pertaining to the courts' jurisdiction over, the propriety of granting statutory injunctive relief in the context of, and whether the federal, four-year statute of limitations or Nevada's two-year statute of limitations applies to, private actions brought pursuant to the TCPA—private actions alleging that an unsolicited advertisement was transmitted to a personal facsimile machine. Because of the factual and legal similarities of the separate underlying events in these appeals, we resolve them together.

We first conclude that, in cases seeking both injunctive relief and monetary damages under the TCPA, the district court has jurisdiction over all portions of the complaint, even if the damages sought fail to meet the district court's monetary jurisdictional threshold. Since the court has original jurisdiction over injunction requests, a complaint properly alleging that the TCPA was violated and requesting injunctive relief necessarily invokes the court's jurisdiction over all interrelated portions of that complaint, including claims for monetary damages, regardless of the amount sought. Accordingly, the district court improperly dismissed the noninjunctive portions of the complaint in Docket No. 44135.

We agree with the district court, however, that an injunction is not mandated simply when a TCPA violation is demonstrated and that Nevada's two-year statute of limitations applies to private TCPA claims. We also agree with the district court's determinations regarding its resolution of certain state law claims and its award of attorney fees; therefore, an injunction was properly denied in Docket No. 44135, and the action was properly dismissed and the complainant sanctioned in Docket No. 44483.

## BACKGROUND

Congress enacted the TCPA to discourage sending, and to help avoid the annoyance associated with receiving, unwelcome advertisements over telephone lines. Under its provisions, private persons may pursue both monetary and injunctive relief for TCPA violations, such as when unsolicited advertisements are transmitted to facsimile machines.[2]

*Docket No. 44135*

After respondents Emperor's Garden Restaurant; Nevada Dragon, Inc.; Tina S. Chen; and Alan Chen (collectively, Emperor's Garden) allegedly transmitted two unsolicited advertise-

---

[2]47 U.S.C. §§ 227(b)(1)(C), (b)(3) (2000) (making it unlawful, with enumerated exceptions, for any person ''to use any telephone facsimile machine . . . to send an unsolicited advertisement to a telephone facsimile machine,'' and allowing a person to bring an action, based on this prohibited conduct, in an appropriate state court if the laws or court rules of that state permit such an action); *Edwards v. Direct Access, LLC*, 121 Nev. 929, 124 P.3d 1158 (2005).

ments to appellant Paul D.S. Edwards' personal facsimile machine, Edwards instituted a district court action against them. In his 2004 complaint, Edwards asserted causes of action for monetary damages and injunctive relief under the TCPA, and for monetary damages under state deceptive trade practices, conversion, and privacy tort laws. Edwards' complaint included claims for $3,000 in damages for the alleged TCPA violations,[3] compensatory and punitive damages "in excess of $10,000 for violations of State Acts," and attorney fees and costs.

In response, Emperor's Garden moved to dismiss Edwards' complaint for lack of subject matter jurisdiction, arguing that Edwards' claimed damages did not meet the $7,500 jurisdictional threshold for district court actions in place at the time the complaint was filed. Emperor's Garden also contended that injunctive relief was unavailable, in large part because injunctive relief is appropriate to halt ongoing violations, and Emperor's Garden had discontinued sending any facsimiles nearly four years before Edwards filed his complaint. Emperor's Garden further argued that if the district court exercised its discretion to deny injunctive relief because it was unlikely to engage in any future wrongful conduct, the court would then have no jurisdiction over the matter.

Agreeing with Emperor's Garden's reasoning, the district court dismissed the suit. Edwards appeals.

### Docket No. 44483

Similarly, Edwards instituted a district court action when respondents Cenicola-Helvin Enterprises and its officers Mark Cenicola and Jeff R. Helvin (collectively, Cenicola-Helvin) allegedly transmitted an unsolicited advertisement for website development services to Edwards' personal facsimile machine. Edwards' complaint alleged that transmitting the facsimile advertisement, without permission, violated the TCPA, NRS 40.140(1) (statutory nuisance), certain provisions of NRS Chapter 598 (state deceptive trade practices), and constituted intrusion, conversion, and private nuisance.

Cenicola-Helvin moved to dismiss the complaint, asserting, among other arguments, that Nevada's two-year statute of limitations barred Edwards' TCPA claims and that, additionally, he had failed to state a claim upon which relief could be granted. Pursuant to Cenicola-Helvin's motion, the district court conducted a hear-

---

[3]The requested $3,000 was comprised of $500 for each unsolicited facsimile, plus an additional $2,000 in trebled damages for willful or knowing conduct. *See* 47 U.S.C. § 227(b)(3) (providing that the consumer may recover either the actual monetary loss due to a TCPA violation or $500 and the district court has discretion to "increase the amount of the award to an amount equal to not more than 3 times the amount [otherwise] available," upon finding willful or knowing violation).

ing, limiting argument to whether Nevada's two-year statute of limitations precluded Edwards' TCPA claims. Thereafter, and without further elaboration, the district court granted Cenicola-Helvin's motion and dismissed Edwards' entire complaint.

Subsequently, Edwards moved to amend the district court's dismissal order, so that it would provide that his claims were dismissed ''without prejudice.'' On request, the district court determined that Edwards' motion was frivolous and denied it, awarding Cenicola-Helvin attorney fees as a sanction for Edwards having filed a meritless motion.

Edwards appeals.[4]

## DISCUSSION

Our review of the orders dismissing Edwards' complaints is rigorous,[5] as this court, in determining whether Edwards has set forth allegations sufficient to make out elements of a right to relief,[6] accepts all factual allegations in his complaint as true and construes all inferences in his favor.[7] The dismissal of Edwards' complaints was proper only if his allegations, even as presumed true, would not entitle him to relief.[8]

Having reviewed the record in light of this standard, we conclude that, in Docket No. 44135, the district court properly denied Edwards' request for injunctive relief but erroneously dismissed his claims for monetary damages. We further conclude that, in Docket No. 44483, the district court did not err in granting Cenicola-Helvin's motion to dismiss.

*Docket No. 44135*

*District court jurisdiction over complaints requesting both monetary and injunctive relief*

When Edwards' suit against Emperor's Garden was filed in 2004, complaints for monetary damages were required to seek

---

[4]Edwards also attempts to appeal from the district court's orders denying his post-judgment motions to amend the judgment and for reconsideration. Those orders are not appealable. *See NOLM, LLC v. County of Clark*, 120 Nev. 736, 745, 100 P.3d 658, 664 (2004); *Landex, Inc. v. State, Dep't Commerce*, 92 Nev. 177, 547 P.2d 315 (1976).

[5]*See Vacation Village v. Hitachi America*, 110 Nev. 481, 874 P.2d 744 (1994).

[6]*Edgar v. Wagner*, 101 Nev. 226, 699 P.2d 110 (1985).

[7]*Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 845, 858 P.2d 1258, 1260 (1993).

[8]*Hampe v. Foote*, 118 Nev. 405, 408, 47 P.3d 438, 439 (2002).

amounts that exceeded $7,500 to meet the district court's jurisdictional threshold.[9] The district court possesses original jurisdiction, however, over claims for injunctive relief.[10] In his complaint, Edwards properly alleged TCPA violations by asserting that Emperor's Garden had transmitted two unsolicited advertisements to his personal facsimile machine,[11] and he permissibly requested both monetary and injunctive relief for those violations.[12] In so doing, he invoked the district court's original jurisdiction over injunction requests.

Further, the record does not indicate that Edwards' request for statutory injunctive relief was improperly or fraudulently made solely to invoke the district court's jurisdiction. As one federal court has recognized, the TCPA's purpose in allowing injunctive relief is "to protect the privacy interests of residential telephone subscribers" by preventing "calls that violate the statute."[13] Thus, as Edwards' requests for monetary damages and his request for injunctive relief arose out of the same two facsimile events, the district court properly acquired jurisdiction over the entirety of Edwards' complaint, regardless of whether the monetary threshold was met.[14]

### Claims for statutory injunctive relief

The district court apparently recognized that jurisdiction was properly acquired through Edwards' request for injunctive relief and determined that Edwards was not entitled to such relief. Edwards asserts that because statutory injunctive relief is available for TCPA violations, the district court improperly based its denial of

---

[9]*See* 2003 Nev. Stat., ch. 160, §§ 2, 7, at 849, 853; *see also Edwards*, 121 Nev. at 932-33, 124 P.3d at 1160.

[10]*See* Nev. Const. art. 6, § 6; NRS 4.370 (delineating matters over which justice courts have jurisdiction, which do not include matters involving injunctive relief); *see also Edwards*, 121 Nev. at 933, 124 P.3d at 1161.

[11]47 U.S.C. § 227(b)(1)(C); *Edwards*, 121 Nev. at 931, 124 P.3d at 1160.

[12]47 U.S.C. § 227(b)(3); *Edwards*, 121 Nev. at 933, 124 P.3d at 1161.

[13]*Minnesota ex rel. Hatch v. Sunbelt Comm. and Market.*, 282 F. Supp. 2d 976, 980 (D. Minn. 2002).

[14]*Cf. Parascandolo v. Christensen*, 65 Nev. 578, 583, 199 P.2d 629, 631 (1948) (recognizing " '[t]he general rule . . . that, if a court of equity obtain[s] jurisdiction of a controversy on any ground and for any purpose, it will retain jurisdiction for the purpose of administering complete relief' " (quoting *Seaborn v. District Court*, 55 Nev. 206, 222, 29 P.2d 500, 505 (1934))); *Jasper County Lumber Co. v. Biscamp*, 77 S.W.2d 571, 572 (Tex. Civ. App. 1934) (noting that a district court's jurisdiction over suits for injunctive relief "does not necessarily depend upon the amount in controversy").

the requested injunction on equitable factors and thus improperly required a showing of irreparable injury and an inadequate legal remedy.[15]

As recognized by some of the authority Edwards points to, however, even a party requesting an injunction, who has shown that the statutory conditions have been met, must demonstrate a likelihood of future violations before an injunction will issue.[16] In assessing whether future violations are likely, the court must consider the totality of the circumstances concerning the alleged violation. In so doing, the court may examine any relevant factors, including (1) the gravity of any harm caused, (2) the extent of and motivation behind the violator's participation in the wrongful conduct, (3) the isolated or recurrent nature of the violation, and (4) whether the violator has recognized culpability and/or sincerely promised that future violations will not occur.[17]

Here, while the court improperly looked to traditional equitable grounds in considering a statutory injunction request,[18] it also explored some of the aforementioned factors in determining that an injunction was not warranted. In particular, the court noted that only two violations were alleged to have occurred and that those alleged violations had occurred nearly three and one-half years earlier. Further, the court properly examined the harm any violations caused. And in the documents before the district court, respondents indicated that any offending conduct had been halted. Edwards admitted that he had received nothing else from respondents and seemingly agreed with the court that whether respondents would send him any unsolicited facsimiles in the future was unknown.[19] Thus, the district court did not abuse its discretion when

---

[15]See *Attorney General v. NOS Communications*, 120 Nev. 65, 68, 84 P.3d 1052, 1054 (2004) (discussing statutory injunctive relief).

[16]*S.E.C. v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982) ("In an action for a statutory injunction, once a violation has been demonstrated, the moving party need only show that there is a reasonable likelihood of future violations in order to obtain relief." (footnote omitted)), *cited in Hatch*, 282 F. Supp. 2d at 980 n.2; *see, e.g.*, 42 Am. Jur. 2d *Injunctions* § 23 (2000).

[17]*Holschuh*, 694 F.2d at 144.

[18]*Cf. NOS Communications*, 120 Nev. at 69, 84 P.3d at 1054-55 (holding that a statutory preliminary injunction should issue upon the presentation of evidence establishing a reasonable likelihood of continuing wrongful conduct).

[19]See *Commodity Futures Trading Com'n v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979) (noting that past improper conduct, while suggestive of a likelihood of future improper conduct, does not necessarily denote such, and the court, in making an inference of likelihood, should look at any relevant factors).

it determined that Edwards had not demonstrated that an injunction was warranted.[20]

When the district court denied injunctive relief, however, it did not thereby lose its jurisdiction to consider Edwards' claims for monetary damages.[21] Accordingly, while we affirm the district court's order to the extent that it denied injunctive relief, we reverse that portion of the order dismissing Edwards' statutory and common-law claims for monetary damages and remand this matter for further proceedings.

### Docket No. 44483

In Docket No. 44483, the district court dismissed Edwards' action under NRS 11.190(4)(b), which requires a party to commence "[a]n action upon a statute for a penalty or forfeiture" within two years from when the cause of action accrued; Edwards failed to file his complaint within two years after having received the facsimiles. According to Edwards, because a federal statute imparts a four-year limitation period on federal-law-based actions and his action was based on the TCPA—a federal law—the court erred in applying the Nevada statute of limitations to his complaint.

#### Applying Nevada's statute of limitations to private TCPA actions

Generally, federal laws like the TCPA are enforceable in state courts because, as the Supreme Court has recognized, under the

---

[20]*See NOS Communications,* 120 Nev. at 67, 84 P.3d at 1053 (noting that requests for injunctions are directed to a court's discretion); *see also Conservation Com'n of Simsbury v. Price,* 479 A.2d 187, 196 (Conn. 1984) (recognizing that, in determining whether to grant a statutory injunction, while it is the court's duty to carry out legislative intent and the statute's remedial purposes, the court nonetheless retains discretion and is not obligated to issue an injunction for every violation); *Hatch,* 282 F. Supp. 2d at 980 (granting an injunction for a TCPA violation because "it [was] evident that, absent an injunction, [defendant] would continue to violate the TCPA," and thereby "fulfill[ing] the legislative purpose of the statute"); *Szefczek v. Hillsborough Beacon,* 668 A.2d 1099, 1110 (N.J. Super. Ct. Law Div. 1995) (granting an injunction after finding several TCPA violations and noting that the defendant had continued to violate the TCPA several times after the plaintiff had brought the problem to the defendant's attention).

[21]*See generally Dopps v. Dopps,* 636 S.W.2d 723, 725 (Tex. App. 1982) (noting that, once jurisdiction has properly attached upon the filing of the suit, it may not be defeated by subsequent facts or events); *Shaw v. Owen,* 90 So. 2d 179, 181 (Miss. 1956) (recognizing that once a court accepts jurisdiction over a matter, the court may consider legal questions that fall within the

United States Constitution ''[t]he Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure.''[22] But, because states have significant latitude to establish the structure and jurisdiction of their own courts, federal law must take state courts as it finds them.[23]

The federal statute of limitations thus defers to state law, stating that ''[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than [four] years after the cause of action accrues.''[24] Since Congress enacted the TCPA after December 1, 1990, the federal four-year statute of limitations applies to TCPA claims unless another law provides differently.

As this court has likewise recognized, because the TCPA allows a party to file a state court TCPA action ''if otherwise permitted by [that state's] laws or rules of court,''[25] private causes of action based on TCPA claims may be maintained in Nevada courts when consistent with Nevada's laws and court rules.[26] One such procedural law, NRS 11.190, provides that an action on ''a statute for a penalty or forfeiture'' must be commenced within two years.[27] Since the TCPA imposes statutory penalties for injuries caused by its violation, NRS 11.190 imparts a two-year limitation period that

court's jurisdiction only because they are related to questions in equity, even though the equity grounds for relief prove unsuccessful); *Rooney v. Weeks*, 194 N.E. 666, 669 (Mass. 1935) (explaining that, once jurisdiction to hear a contractual matter had attached through an application for injunctive relief, the court retained jurisdiction to resolve issues of damages, even though the contractual basis for an injunction had expired).

[22]*Howlett v. Rose*, 496 U.S. 356, 367 (1990); U.S. Const. art. VI, cl. 2; *see also Edwards*, 121 Nev. at 931-32, 124 P.3d at 1160.

[23]*See Howlett*, 496 U.S. at 372.

[24]28 U.S.C. § 1658 (2000).

[25]47 U.S.C. § 227(b)(3).

[26]*Edwards*, 121 Nev. at 931-32, 124 P.3d at 1160; *see also Intern. Science & Tech. Institute v. Inacom Comm.*, 106 F.3d 1146, 1157 (4th Cir. 1997); *Consumer Crusade v. Affor. Health Care Sol.*, 121 P.3d 350, 355 (Colo. Ct. App. 2005) (recognizing that ''when Congress created a private right of action that could be prosecuted in state courts, 'if otherwise permitted by the laws or rules of court of a State,' it was acknowledging that the states could apply their own rules of procedure to such an action'').

[27]*See* NRS 11.190(4)(b); *G and H Assocs. v. Ernest W. Hahn, Inc.*, 113 Nev. 265, 272, 934 P.2d 229, 233 (1997) (noting that ''[s]tatutes of limitation are procedural bars to a plaintiff's action'').

displaces the residual four-year, federal statutory period.[28] Accordingly, we evaluate the timeliness of Edwards' TCPA claim by examining whether he brought it within two years of accrual.[29]

Here, the parties do not dispute that, on September 28, 2004, Edwards filed the underlying action for the first time. Nor do they dispute that the single advertisement transmitted by Cenicola-Helvin to Edwards was sent on August 6, 2002, more than two years before Edwards filed his action. Thus, we conclude that the district court did not err in granting Cenicola-Helvin's motion to dismiss Edwards' complaint based on NRS 11.190(4)(b)'s two-year limitation period.[30]

### Edwards' state law claims

Based on the same events underlying his TCPA claim, Edwards summarily asserts that Cenicola-Helvin, by transmitting the unsolicited facsimile advertisement to him, "stole [his] paper and ink[ ]" and that this act constitutes conversion. Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights.[31] Yet, conversion generally is limited to those severe, major, and important interferences

---

[28]*See* NRS 11.190(4)(b); *Hahn*, 113 Nev. at 272, 934 P.2d at 233; *see also Edwards*, 121 Nev. at 931-32, 124 P.3d at 1160; *Accounting Outsourcing v. Verizon Wireless*, 329 F. Supp. 2d 789, 802 (M.D. La. 2004) (recognizing that § 227(b)(3) of the TCPA "leaves to the states the procedural and jurisdictional questions surrounding each state's enforcement of private rights of action"); *Consumer Crusade*, 121 P.3d at 355 (recognizing that states can "apply their own rules of procedure" to TCPA actions prosecuted in state courts); *David L. Smith and Associates v. APT*, 169 S.W.3d 816, 822 (Tex. App. 2005) (concluding that "a party may assert a private claim under the TCPA only if state law so permits" and that Texas' applicable two-year statute of limitations applied to TCPA claims filed in Texas courts).

[29]*See* NRS 11.190(4)(b).

[30]Edwards maintains that the United States Supreme Court's recent decision in *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), compels this court to apply the federal, four-year statute of limitations to his TCPA claims. But Edwards mistakenly extends the holding in *Jones*, which is inapposite under the facts here. In *Jones*, the Supreme Court unequivocally stated that its decision addressed problems associated with the practice, in federal district court, of borrowing state statutes of limitations and the unnecessary work this created for federal judges, noting that its holding "best serve[d] Congress' interest in alleviating the uncertainty inherent in the practice of borrowing state statutes of limitations [and] . . . [i]t spare[d] federal judges . . . the need to identify the appropriate statute of limitations." *Id.* at 382. Neither that holding, nor the analysis underlying it applies here—to a private TCPA claim brought in state court.

[31]*Wantz v. Redfield*, 74 Nev. 196, 326 P.2d 413 (1958).

with the right to control personal property that justify requiring the actor to pay the property's full value.[32]

Applying these principles and construing all reasonable inferences in Edwards' favor, we conclude that the district court properly determined that Edwards failed to demonstrate the elements of conversion. Specifically, Edwards' hyperbolic, yet cursory, factual allegations fail to establish that Cenicola-Helvin intentionally destroyed or radically damaged his facsimile paper and toner.[33] The mere damage that may have occurred to Edwards' paper and toner when his personal facsimile machine printed the one unwelcomed advertisement falls short of destruction or material alteration. Edwards thus failed to allege facts constituting conversion.[34]

We note, moreover, that any damage to Edwards' paper and toner that occurred from a single facsimile advertisement was merely technical and so inconsiderable as to require the application of the common-law doctrine *de minimis non curiat lex* ("the law does not concern itself with trifles").[35] This maxim provides a sensible limit where, as here, the amount of damages alleged seems so insignificant that it cannot give rise to a viable property damage claim.[36] Thus, concerning Edwards' conversion claim, even if

---

[32]Restatement (Second) of Torts § 222A (1965); W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 15, at 90 (5th ed. 1984) [hereinafter *Prosser & Keeton*]. We note that, although requiring respondents to pay the full value of a sheet of paper and the toner on it seems insignificant, this remedy, in general, is harsh, reserved for the most severe interferences with personal property. *See* Restatement (Second) of Torts § 226 cmt. d; *Prosser & Keeton, supra*, at 90.

[33]Restatement (Second) of Torts § 226; *Prosser & Keeton, supra* note 32, at 100-01.

[34]*Cf. Universal Underwriters v. Lou Fusz Auto. Network*, 300 F. Supp. 2d 888, 895 (E.D. Mo. 2004) (stating that, because common-law conversion is the unauthorized assumption of the right of ownership over the personal property of another, sending an unauthorized facsimile fails to constitute common-law conversion).

[35]*See, e.g., U.S. v. Wilkes*, 946 F.2d 1143, 1152 (5th Cir. 1991) (recognizing the waste of judicial resources involved in remanding for speculative, nominal damages); *Thompson v. Mannix*, 814 S.W.2d 811 (Tex. App. 1991) (acknowledging that the lower court could have justifiably invoked the doctrine to dismiss a complaint seeking recovery for conversion of "five highlighters, an extension cord, four [small] wooden picture frames, a stainless steel pen and pencil set, a mirror, three hospital bracelets, and a fan"); *Manufacturers Supply Co. v. Mullins*, 167 A.2d 755, 756-57 (R.I. 1961) (invoking the doctrine where an owner was briefly deprived of his car while it was detained in a garage). *See generally* 1 Am. Jur. 2d *Actions* § 51 (2005).

[36]We recognize that in extreme circumstances, transmitting unauthorized facsimile advertisements may constitute conversion. But here, the transmission of a single, one-page facsimile does not constitute extreme circumstances.

Edwards had made sufficient allegations, there would exist no reasonable basis on which to remand the matter.

Further, as common-law principles limit viable claims for private nuisance to substantial interferences with the use and enjoyment of real property,[37] Edwards, for the same reasons, failed to sufficiently allege a claim for private nuisance. The district court therefore correctly dismissed Edwards' conversion and private nuisance claims.[38]

*The district court's award of attorney fees as sanctions*

Finally, Edwards challenges the district court's order awarding Cenicola-Helvin $250 in attorney fees after determining that Edwards frivolously challenged, through a motion to amend, the "with prejudice" language in the order dismissing his complaint. In his motion and at the subsequent hearing, Edwards persisted in asserting his arguments, by that time rendered superfluous, that his TCPA claim was not time-barred.

NRS 18.010(2)(b) and NRCP 11 authorize the district court to grant an award of attorney fees as sanctions against a party who pursues a claim without reasonable ground.[39] We have consistently recognized that "[t]he decision to award attorney fees is within the [district court's] sound discretion . . . and will not be overturned absent a 'manifest abuse of discretion.' "[40] Having considered the record in light of the broad discretion left to the district court in

---

[37]*See Lied v. County of Clark*, 94 Nev. 275, 278, 579 P.2d 171, 173 (1978).

[38]On appeal Edwards neglected to address in his briefs or in his memoranda of supplemental authority the district court's dismissal of his claims that Cenicola-Helvin's conduct violated NRS 40.140(1), 41.600, 598.0918(3), 598.0923(3), and 598.0973 and constituted intrusion. In this way, Edwards neglected his responsibility to cogently argue, and present relevant authority, in support of his appellate concerns. Thus, we need not consider these claims. *See Weaver v. State, Dep't of Motor Vehicles*, 121 Nev. 494, 117 P.3d 193, 198-99 (2005); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); *City of Las Vegas v. Bailey*, 92 Nev. 756, 558 P.2d 622 (1976); *Ellison v. State*, 87 Nev. 4, 4 n.1, 479 P.2d 461, 461 n.1 (1971); NRAP 28(a)(4).

[39]*Bd. of Gallery of History v. Datecs Corp.*, 116 Nev. 286, 288, 994 P.2d 1149, 1150 (2000) (recognizing that the district court may award attorney fees when authorized by a statute, rule, or contractual provision).

[40]*Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (quoting *County of Clark v. Blanchard Constr. Co.*, 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982)); *see also Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993) (noting that NRCP 11 sanctions are reviewed under an abuse of discretion standard).

this area, we conclude that the district court's award of attorney fees as sanctions was not a manifest abuse of its discretion.[41]

## CONCLUSION

Since the district court has original jurisdiction over injunction requests, a complaint properly requesting both monetary and injunctive relief for TCPA violations invokes the court's jurisdiction over that complaint. Once acquired, the court's jurisdiction is not lost on denial of injunctive relief, even if the claim for monetary damages is less than the jurisdictional threshold in place at the time the complaint is filed. Accordingly, in Docket No. 44135, although we affirm the portion of the district court's order denying injunctive relief based on Edwards' failure to show a likelihood of future violations, we reverse the portion of the order dismissing the claims for monetary relief and remand this matter for further proceedings.

Further, in Docket No. 44483, because Nevada's two-year statute of limitations applies to private TCPA claims arising in Nevada, Edwards' TCPA claim was untimely. Additionally, we conclude that Edwards failed to allege facts demonstrating that the receipt of a single-page facsimile advertisement constituted conversion of his toner and the sheet of paper on which it was printed or that this somehow constituted a private nuisance. The district court correctly dismissed those claims. Moreover, the district court did not abuse its discretion when it awarded Cenicola-Helvin attorney fees as sanctions against Edwards' frivolous post-judgment motion. Accordingly, we affirm the district court's orders dismissing Edwards' complaint and awarding attorney fees as sanctions.

---

[41]*See* NRS 18.010(2)(b); NRCP 11.