An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF PARENTAL
RIGHTS AS TO N.S.T. AND S.A.G.,
MINORS.

CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Appellant,
vs.
ERICKA L.B. A/K/A CELIA W.H.,
Respondent.

No. 61304

FILED

JUN 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a petition to terminate the parental rights of respondent as to her two minor children. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

On appeal, appellant first contends that the district court erred in failing to apply the presumption for terminating parental rights under NRS 128.109. Under that statute, if a child has been placed outside of the parent's home for 14 of any 20 consecutive months, it must be presumed that the parent has demonstrated only token efforts to care for the child and that termination is in the child's best interest. NRS

13-17590

128.109(1)(a) and (2). Appellant contends that the children had been placed outside of respondent's home for over 24 months at the time that the termination trial commenced. According to appellant, the district court erroneously determined that the presumptions did not apply because the 14-month time requirement had not been met since the filing of a second petition for abuse and neglect under NRS Chapter 432B.

Even assuming that the presumption set forth in NRS 128.109 applied here, we conclude that the district court properly found that respondent had rebutted the presumption by a preponderance of the evidence. *In re Parental Rights as to J.D.N.*, 128 Nev. ___, ___, 283 P.3d 842, 849 (2012); *In re Parental Rights of J.L.N.*, 118 Nev. 621, 625-26, 55 P.3d 955, 958 (2002). The district court found that respondent's compliance with her case plan was reasonable. It further found that, to the extent that respondent had not complied with her case plan, such noncompliance was due in large part to her financial limitations. Having reviewed the record, we conclude that the district court's decision in this regard is supported by substantial evidence. *In re Parental Rights as to D.R.H.*, 120 Nev. 422, 428, 92 P.3d 1230, 1234 (2004).

Appellant also contends that the district court abused its discretion when it failed to find parental fault. *See* NRS 128.105(2). Appellant argues that there was clear and convincing evidence of parental unfitness, neglect, only token efforts by respondent to care for her children, and a serious risk of harm if the children were returned to respondent's care. *Id.* Having reviewed the record, we conclude that substantial evidence supports the district court's determination that there was not clear and convincing evidence of parental fault. *See Parental*

*Right of D.R.H.*, 120 Nev. at 428, 92 P.3d at 1234; *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 795, 8 P.3d 126, 129 (2000). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Hon. Bill Henderson, District Judge, Family Court Division
        Clark County District Attorney/Juvenile Division
        Kristina M. Wildeveld
        Eighth District Court Clerk

---

[1]In the opening brief, appellant identified a third appellate issue concerning the district court's finding that the evidence did not establish a preference for an adoptive resource for the children. Because appellant failed to provide any analysis or argument on this issue in the brief, we do not address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).