An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PHH MORTGAGE CORPORATION,
Appellant,
vs.
UNITED LEGAL SERVICES, INC., A
NEVADA CORPORATION; AND FORT
APACHE 1178 TRUST,
Respondents.

No. 64795

**FILED**

MAY 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The district court dismissed appellant's claims against respondent United Legal Services based on appellant's failure to state a claim for which relief could be granted. *See* NRCP 12(b)(5). On appeal, appellant first contends that dismissal was improper because United Legal Services was required to re-notice its pending foreclosure sale after appellant conducted its own foreclosure sale. Because nothing in NRS Chapter 116 imposes such a requirement, this contention does not warrant reversal of the district court's dismissal order. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing de novo a district court NRCP 12(b)(5) dismissal); *see also generally SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. No. 75, 334 P.3d 408 (2014) (analyzing Chapter 116's statutory scheme).

Appellant also contends that dismissal was improper because the complaint alleged that United Legal Services failed to properly notify

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15692

appellant of its pending foreclosure sale. Appellant, however, has not explained why this allegation would entitle appellant to relief if the allegation were proven to be true.[1] *See Buzz Stew*, 124 Nev. at 227-28, 181 P.3d at 672 (recognizing that dismissal of a complaint is proper when the complaint's factual allegations, even when recognized as true, do not satisfy the elements of the causes of action being asserted); *cf Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is an appellant's responsibility to provide this court with cogent arguments supported by relevant authority). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]In particular, because the underlying complaint was filed by the purchaser at appellant's foreclosure sale, it is unclear how United Legal Services' alleged failure to properly notify appellant of United Legal Services' pending foreclosure sale would have entitled the purchaser to the relief sought in the purchaser's complaint.

cc: Hon. Ronald J. Israel, District Judge
Malcolm Cisneros
Maier Gutierrez Ayon, PLLC
Atkinson Law Associates, Ltd.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A