An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT G. STEVENSON,
Appellant,
vs.
JAMES G. COX; ELDON MCDANIEL;
AND ROBERT LEGRAND,
Respondents.

No. 63208

**FILED**

JUN 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order granting summary judgment in an inmate litigation matter. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Appellant Robert G. Stevenson argues that respondents', James G. Cox, Eldon McDaniel, and Robert Legrand (referred to collectively as NDOC), practice of confiscating his mail to and from individuals who are civilly committed in other jurisdictions violates his First and Fourteenth Amendment rights. Stevenson also seeks a declaratory judgment that Administrative Regulation (AR) 750.04 does not prohibit his correspondence with civilly committed individuals. The district court granted summary judgment in NDOC's favor.

On appeal, Stevenson argues that the district court's grant of summary judgment should be reversed because: (1) AR 750.04 does not apply to Stevenson's correspondence with civilly committed individuals, and (2) the district court erred by refusing to allow Stevenson access to the evidence supporting NDOC's motion for summary judgment.

We conclude that the district court erred in granting NDOC's motion for summary judgment because a genuine issue of material fact exists. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029

SUPREME COURT
OF
NEVADA

(O) 1947A

15-19324

(2005) (stating that we review a district court order granting summary judgment de novo). Specifically, further discovery is necessary to determine whether AR 750.04 applies to Stevenson's correspondence with the Florida and Minnesota civilly committed individuals, whom he sent and received letters to and from. The plain language of AR 750.04 prohibits correspondence between incarcerated persons with few exceptions, none of which apply to the facts presented here. AR 750.04(1). The Nevada Department of Correction's Administrative Regulations Manual defines "incarcerated persons" as "[i]ndividuals committed or confined *after arrest, before trial and/or following a conviction of a crime.*" (Emphasis added). Thus, in order to determine if AR 750.04 applies to Stevenson's correspondence with the Florida and Minnesota civilly committed individuals, it must be determined whether the Florida and Minnesota civilly committed individuals were "committed . . . after arrest, before trial and/or following a conviction of a crime."[1] If they were, then AR 750.04 prohibits Stevenson's correspondence with them. If not, then AR 750.04 does not prohibit Stevenson's correspondence with them. We reverse and remand for this factual determination to be made.[2]

---

[1]The answer to this question is not self-evident because in both Florida and Minnesota a person may be civilly committed without a criminal conviction. *See* Fla. Stat. Ann. § 394.912(2)(b) (West 2014); Fla. Stat. Ann. § 394.913 (West 2014); Minn. Stat. § 253B.18(1)(a) (2014); Minn. Stat. § 253B.04(1)(a) (2014). Additionally, while the answer to this question was hinted at in Stevenson's interrogatory responses, it was not decisively answered.

[2]For clarity, we are only reversing the grant of summary judgment as to Stevenson's third cause of action, which sought a declaratory judgment that AR 750.04 does not prohibit his correspondence with civilly committed individuals. On appeal, Stevenson did not argue the constitutionality of the regulation or its effect on his rights. Consequently,
*continued on next page . . .*

As to Stevenson's second argument, we conclude that the district court did not abuse its discretion by refusing to allow Stevenson access to the evidence supporting NDOC's motion for summary judgment.[3] *See generally Howard v. State*, 128 Nev., Adv. Op. 67, 291 P.3d 137 (2012) (explaining that a court has discretion over its records); SRCR 3. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

*. . . continued*

we affirm the district court's grant of summary judgment as to Stevenson's first and second causes of action, which alleged that his First and Fourteenth Amendment rights were violated. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority).

[3]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Hon. Jim C. Shirley, District Judge
Snell & Wilmer, LLP/Las Vegas
Attorney General/Carson City
Pershing County Clerk