IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF THE HONORABLE JENNIFER HENRY, HEARING MASTER FOR THE EIGHTH JUDICIAL DISTRICT COURT, FAMILY DIVISION, COUNTY OF CLARK, STATE OF NEVADA |
|---|

No. 80212

FILED

DEC 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a Nevada Commission on Judicial Discipline decision publicly admonishing Hearing Master Jennifer Henry and requiring her to attend a course at the National Judicial College.

During juvenile court proceedings, Hearing Master Henry questioned a minor about her cell phone. When the minor's attorney, Aaron Grigsby, refused to answer the question on his client's behalf and interfered when Hearing Master Henry attempted to question the juvenile directly, Hearing Master Henry shouted "enough" at Grigsby several times. Hearing Master Henry also threatened to call the attorney who assigned Grigsby's conflict cases based on his continued objections to Hearing Master Henry's questions and his request to transfer the case to another judge. Hearing Master Henry then increased her probation recommendation regarding the minor from six months to nine months because the minor would not answer her question.

After conducting a hearing, the Nevada Commission on Judicial Discipline (the Commission) concluded that Henry violated Nevada Code of Judicial Conduct (NCJC) Canon 1, Rules 1.1 and 1.2, and Canon 2, Rules

20-46399

2.5(A), 2.6(A), and 2.8(B). The Commission disciplined Hearing Master Henry, pursuant to NRS 1.4653(1) and (2), with a public admonishment and by requiring her attendance at a course at the National Judicial College. Hearing Master Henry appeals, arguing that clear and convincing evidence does not support the Commission's findings, that her actions did not violate any judicial canons, and that the Commission abused its discretion by excluding various witness testimony.[1]

"In an appeal from a decision of the Commission, we defer to the Commission's factual findings, determining 'whether the evidence in the record as a whole provides clear and convincing support for the [C]ommission's findings,' but we are not bound by its conclusions of law." *In re Hughes*, 136 Nev., Adv. Op. 46, 467 P.3d 627, 629 (2020) (quoting *In*

---

[1]Hearing Master Henry also argues the Commission exceeded its jurisdiction and/or failed to identify the basis for its jurisdiction. However, NRS 1.4653(1) and (2) give the Commission jurisdiction to impose discipline on Henry in this case. And, Hearing Master Henry does not support her assertion that the Commission must identify the specific basis for its jurisdiction. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (requiring parties to support arguments with salient authority). Hearing Master Henry continues that, under Rule 8 of the Procedural Rules of the Nevada Commission on Judicial Discipline (PRJDC), the Commission had to demonstrate that she acted in fraud or bad faith, abused her authority, or disregarded fundamental rights in order to find that she violated NRS 1.4653(2). However, Rule 8 makes clear that findings of fraud or bad faith are necessary when disciplining a judge "for making findings of fact, reaching a legal conclusion, expressing views of law or policy in a judicial opinion, or otherwise declaring or applying the law in the course of official duties." *See* PRJDC 8; *see also* NRS 1.4653(5). In contrast, the Commission disciplined Hearing Master Henry for violations of NCJC provisions relating to her demeanor.

*re Fine*, 116 Nev. 1001, 1013, 13 P.3d 400, 408 (2000)). Clear and convincing evidence is evidence that establishes every factual element to be highly probable, or is so clear as to leave no substantial doubt. *In re Discipline of Drakulich*, 111 Nev. 1556, 1567, 908 P.2d 709, 715 (1995).

Having reviewed the record, we conclude that clear and convincing evidence supports the Commission's factual findings and agree that Hearing Master Henry committed willful misconduct under NRS 1.4653(1)(a) by violating NCJC Canon 1, Rules 1.1 and 1.2, and Canon 2, Rules 2.5(A), 2.6(A), and 2.8(B). Namely, the record, which includes a video recording of the juvenile court hearing, shows that she yelled repeatedly at Grigsby, ignored his objection, prevented Grigsby from making a record, threatened to report Grigsby, and attempted to pressure the minor into answering her questions directly. In doing so, Hearing Master Henry failed to act in a manner that "promotes public confidence in the independence, integrity, and impartiality of the judiciary," *see* NCJC Canon 1, Rule 1.2; did not perform her duties "competently and diligently," *see* NCJC Canon 2, Rule 2.5(A); did not accord Grigsby "the right to be heard," *see* NCJC Canon 2, Rule 2.6(A); and failed to be "patient, dignified, and courteous," *see* NCJC Canon 2, Rule 2.8(B). These violations also constitute a violation of NCJC Canon 1, Rule 1.1 (requiring judges to comply with the judicial canons). And, we disagree with Henry's contention that her actions were the only way to control her courtroom and to achieve the objectives of the juvenile court.

Hearing Master Henry also argues that the Commission abused its discretion by excluding the testimony of Judge Frank Sullivan and the

minor's probation officer, Aldrich Jordan. The rules of evidence applicable to a judicial discipline hearing are those applicable to civil proceedings. *See* PRJDC 24. We review the "decision to exclude evidence for an abuse of discretion," and will not disturb that exercise of discretion "'absent a showing of palpable abuse.'" *Las Vegas Metro. Police Dep't v. Yeghiazarian*, 129 Nev. 760, 764, 312 P.3d 503, 507 (2013) (quoting *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008)). With certain exceptions, relevant evidence is admissible. *See* NRS 48.025(1). Relevant evidence is that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015.

Here, Hearing Master Henry intended for Judge Sullivan to testify about Grigsby's demeanor in other cases. However, only Grigsby's demeanor in the juvenile court hearing was relevant in this case, and the Commission was able to observe his demeanor in a recording of the hearing. Hearing Master Henry intended to present Jordan to testify as to her reputation. In addition, to show that her inquiry of the minor was justified, Hearing Master Henry sought to have Jordan testify that the minor admitted to being a prostitute. However, Jordan was able to submit a written character reference in support of Hearing Master Henry, and both Hearing Master Henry and another witness testified about their concerns that the minor was a sexually exploited youth. Therefore, we conclude that the Commission did not abuse its discretion in these evidentiary rulings and that, if any error occurred, it was harmless. *See In re Fine*, 116 Nev. at

1020-21, 13 P.3d at 413 (reviewing the Commission's decision for harmless error).  Accordingly, we affirm the Commission's decision in its entirety.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:    Law Office of Daniel Marks
       William B. Terry, Chartered
       Nevada Commission on Judicial Discipline
       Law Offices of Thomas C. Bradley

SUPREME COURT
OF
NEVADA

(O) 1947A