# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHAD STEFONICH; AND L&S AIR
CONDITIONING AND HEATING,
Appellants,
vs.
CECILIO BAUTISTA; AND ROCIO
SAAVEDRA, INDIVIDUALLY,
Respondents.

No. 80876

FILED

MAY 2 7 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting attorney fees under NRCP 68 based on a rejected offer of judgment in a personal injury case. Eighth Judicial District Court, Clark County; Rob Bare, Judge. Reviewing the award of attorney fees for an abuse of discretion, *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014), we reverse.

While driving a van in the scope of his employment with appellant L&S Air Conditioning and Heating, appellant Chad Stefonich rear-ended respondents Cecilio Bautista and Rocio Saavedra. Respondents served offers of judgment on appellants in the amounts of $30,000 and $38,000 respectively, inclusive of fees, costs, and pre-judgment interest, which appellants rejected. The matter proceeded to trial, where respondents prevailed, obtaining judgments of $37,261.48 and $45,075.81. Respondents then moved for attorney fees under NRCP 68, which the district court granted, awarding a total of $325,000 in attorney fees.

Appellants argue here that the district court misapplied *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (setting forth factors that courts must evaluate when considering a fee award under NRCP 68), because respondents failed to provide sufficient documentary evidence in support of their fee request. We agree.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-15260

In determining whether an award of attorney fees is appropriate under NRCP 68, the district court must weigh:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Id.* When applying the fourth *Beattie* factor, district courts must "consider the *Brunzell* factors in determining whether the requested fee amount is reasonable and justified." *MEI-GSR Holdings, LLC v. Peppermill Casinos, Inc.*, 134 Nev. 235, 245, 416 P.3d 249, 258 (2018); *see also Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969) (setting forth factors for "determining the reasonable value of an attorney's services").

Under NRCP 54(d)(2)(B)(v)(a), the moving party must support their motion for attorney fees with "counsel's affidavit swearing that the fees were actually and necessarily incurred and were reasonable." In this instance, respondents failed to support their motion for attorney fees with an affidavit. Absent an affidavit attesting that the requested fees were reasonable and actually and necessarily incurred, we cannot conclude that substantial evidence supported the district court's award as respondents relied upon unsworn statements and unattested documents to support their request.[1] *See Logan v. Abe*, 131 Nev. 260, 266-67, 350 P.3d 1139, 1143

---

[1]We reject respondents' argument that counsel's signature pursuant to NRCP 11 on their motion for attorney fees fulfills the affidavit requirement as respondents provide no authority in support of such a contention, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that parties

(2015) (observing that an attorney fee award must be supported by substantial evidence). Accordingly, as respondents failed to meet their burden under *Brunzell,* and likewise failed to meet their burden under *Beattie*, the district court improperly awarded attorney fees. *Gunderson* 130 Nev. at 82, 319 P.3d at 616. Therefore, we

ORDER the judgment of the district court REVERSED.[2]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District Court
       Eighth Judicial District Court, Department 32
       Paul M. Haire, Settlement Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Cram Valdez Brigman & Nelson
       Law Office of David Sampson
       Eighth District Court Clerk

---

failed to support by cogent argument or relevant authority), and it is contrary to the explicit language of NRCP 54.

[2]Having resolved this appeal on these grounds, we decline to address the parties' remaining arguments.