**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN OR JANE DOE,
Appellants,
vs.
MARY BROWN, AN INDIVIDUAL; AND
PHIL BROWN, AN INDIVIDUAL, AND
AS HUSBAND AND WIFE,
Respondents.

No. 62752

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss under Nevada's anti-SLAPP statute. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Under Nevada's anti-SLAPP statute, district courts treat a special motion to dismiss as a motion for summary judgment and, if granted, as an adjudication on the merits. NRS 41.660(3)-(4); *John v. Douglas Cnty. Sch. Dist.*, 125 Nev. 746, 753, 219 P.3d 1276, 1281 (2009). The appropriate standard of review for a denial of a special motion to dismiss would be the same as for a grant of summary judgment: de novo. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* When deciding a summary judgment motion, all evidence and any reasonable inferences derived therefrom "must be viewed in a light most favorable to the nonmoving party." *Id.* General allegations and conclusory statements do not create genuine issues of fact. *Id.* at 731, 121 P.3d at 1030-31.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-16388

Having reviewed the parties' briefs and appendix, we affirm the district court's order.

*The district court properly found that Doe did not meet the requirements of NRS 41.660*

At the time of the district court's ruling, the anti-SLAPP statute protected actions "brought against a person based upon a good faith communication in furtherance of the right to petition." NRS 41.660(1) (1997).[1] A good faith communication is one that is "truthful or made without [the] knowledge of falsehood." *John*, 125 Nev. at 761, 219 P.3d at 1286. "[T]he moving party must first make a threshold showing that the lawsuit is based on good faith communications made in

---

[1]In 2013, the Legislature amended Nevada's anti-SLAPP statutes. As part of those amendments, NRS 41.660(1) was amended to also include protection for "good faith communication in furtherance of . . . the right to free speech in direct connection with an issue of public concern." 2013 Nev. Stat., ch. 176, § 3, at 623. On appeal, neither Doe nor the Browns specifically address the amendments to the statute; however, Doe raises arguments under the new version and the Browns address only the old version. Doe's posted comments and the special motion to dismiss preceded the 2013 legislative amendment to NRS 41.660(1). Because there is no indication that the Legislature intended any retroactive application of the 2013 amendments, we apply the 1997 version to this case. *See Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849, 853 (2013) ("[S]tatutes are presumed to only operate prospectively, unless it is clear that the drafters intended the statute to be applied retroactively."); *Pub. Emps.' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 155, 179 P.3d 542, 553 (2008) ("[W]hen the Legislature intends retroactive application, it is capable of stating so clearly."). Thus, whether Doe's posted comments were protected as "an issue of public concern," NRS 41.660(1) (2013), is irrelevant here, and we consider only the protections afforded "in furtherance of the right to petition." NRS 41.660(1) (1997).

furtherance of the right to petition the government." *Id.* at 754, 219 P.3d at 1282 (internal quotations omitted).

Here, appellants John or Jane Doe, as an anonymous poster on the Las Vegas Review Journal's (RJ) website using the pseudonym "Lawyer," posted several comments about respondents Mary and Phil Brown. At the time of these articles, Mary was a Chief Deputy District Attorney in the Juvenile Division of the Clark County District Attorney's office; the comment suggested she was promoted due to intimate relations.

Doe argues that his comments meet the threshold burden of good faith because there is "an interest in the credibility of the witnesses and the selection of a new district attorney." But nothing in the record supports this contention. Instead of referring to support in the record, Doe simply insists that the statements are true because the Browns did not previously deny them. We conclude that this is not enough to shift the burden to the Browns, as Doe has failed to sufficiently prove that the comments in question were in fact "truthful or made without [the] knowledge of falsehood." *John,* 125 Nev. at 761, 219 P.3d at 1286.

Doe further argues that the comments in question are protected as they were in furtherance of the right to petition.[2] A "[g]ood faith communication in furtherance of the right to petition" includes a

---

[2]Doe also argues that the anti-SLAPP statute protects his comments even if "no formal proceeding was scheduled for any of the actors," and, instead, comments such as his are protected when issues are merely "under review by legislative and judicial bodies." However, Doe provides no evidence in the record to support these contentions, and thus, this argument need not be addressed by this court. *See Edwards v. Emperor's Garden Rest.,* 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims that are not cogently argued or supported by relevant authority).

Supreme Court
OF
Nevada

(O) 1947A

"[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law." NRS 41.637(3) (1997). Because we see no ambiguity in the statute, we give effect to the statute's plain meaning, *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007), and conclude that Doe's comments were not made in direct connection with any issue under consideration by any governmental body, or in connection with any other official legal proceeding. The comments have no connection to any actions being considered by the Clark County Commission, the State Bar of Nevada, or the Commission on Judicial Discipline.

*The Browns are not public figures*

Doe argues that the Browns are, at a minimum, limited-purpose public persons because of their professions and consequently, the Browns must prove actual malice in their defamation suit. We disagree.

Whether a plaintiff is a public figure or a limited-purpose public figure is a question of law that this court reviews de novo. *Bongiovi v. Sullivan*, 122 Nev. 556, 572, 138 P.3d 433, 445 (2006) (citing *Schwartz v. Am. Coll. of Emergency Physicians*, 215 F.3d 1140, 1145 (10th Cir. 2000)). The United States Supreme Court has created two categories of public figures: "[t]hose who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention, . . . and those who hold governmental office." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974). Recognizing that a victim of defamation would look to "self-help," the court noted that "[p]ublic officials and public figures usually enjoy significantly greater access to the channels of effective communication and hence have a more realistic

opportunity to counteract false statements than private individuals normally enjoy." *Id.* at 344.

Here, Doe argues that the Browns are, at a minimum, limited-purpose public persons because of their professions and because they "thrust themselves into the spotlight by swearing out an affidavit [about Judge Jones's inappropriate relationship with a prosecutor] and then making it public by talking to the media." Consequently, the Browns must prove actual malice in their defamation suit. We disagree.

As deputy district attorneys, the Browns were government employees, not elected public officials. The Browns likely did not have access to "self-help"—the record neither indicates that the Browns accessed the media nor counteracted Doe's comments in any way aside from initiating the instant case. We conclude that the Browns are not public figures.

Nor were the Browns limited-purpose public figures. "A limited-purpose public figure is a person who voluntarily injects himself or is thrust into a particular public controversy or public concern, and thereby becomes a public figure for a limited range of issues." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 720, 57 P.3d 82, 91 (2002). To determine whether a person becomes a limited-purpose public figure, this court "examin[es] the 'nature and extent of an individual's participation in the particular controversy giving rise to the defamation.'" *Bongiovi*, 122 Nev. at 572, 138 P.3d at 445 (quoting *Gertz*, 418 U.S. at 352). "The test for determining whether someone is a limited public figure includes examining whether a person's role in a matter of public concern is voluntary and prominent." *Pegasus*, 118 Nev. at 720, 57 P.3d at 91 (citing *Gertz*, 418 U.S. at 351-52).

Doe contends that, as prosecutors, the Browns placed themselves in the public by addressing the media multiple times throughout their careers, which included purposefully thrusting themselves into the spotlight in the ongoing controversy involving Judge Jones. However, there is no indication in the record to evince that the Browns voluntarily sought out the media or purposely thrust themselves into a public controversy. Thus, we conclude that the district court did not err in finding that the Browns are not limited-purpose public figures.

*The district court did not abuse its discretion when it did not entertain Doe's spoliation of evidence argument*

In Doe's special motion to dismiss, Doe claimed that the Browns had a duty to preserve the posted comments. However, Doe failed to argue this point during the district court hearing on Doe's special motion to dismiss. Presumably, the district court did not consider this argument, as it was not discussed during the hearing nor was it part of the district court's order. "A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Thus, we do not consider this argument on appeal.

For the reasons set forth above, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Gloria Sturman, District Judge
Chasey Law Offices
Gregory L. Denue
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A