An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN P. HUNT,
Appellant,
vs.
SUSAN J. HUNT,
Respondent.

No. 64727



**FILED**

JUN 11 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a post-divorce decree order denying a motion to divide omitted assets. First Judicial District Court, Carson City; James Todd Russell, Judge.

The parties obtained a divorce decree in July 2009 that divided the parties' community property. In June 2013, appellant filed a motion in the district court seeking to divide property he alleged was omitted from the divorce decree. The district court denied appellant's motion. This court reviews a district court order concerning omitted assets for abuse of discretion. *Doan v. Wilkerson*, 130 Nev., Adv. Op. 48, 327 P.3d 498, 501 (2014).

Appellant argues that the district court improperly applied NRCP 60(b)'s six-month time limit, asserting that his motion did not invoke NRCP 60(b). Appellant does not identify another procedural rule under which he brought his motion, however, and to the extent that appellant sought legal relief from the judgment, we conclude the district court properly applied NRCP 60(b) and its six-month time period. *See Doan*, 130 Nev., Adv. Op. 48, 327 P.3d at 501 (holding that NRCP 60(b)'s time limitation applies to a motion for relief from or modification of a divorce decree).

Additionally, although community assets not adjudicated in divorce proceedings may constitute extraordinary circumstances justifying

15-17818

equitable relief after NRCP 60(b)'s time period has expired, *Doan*, 130 Nev., Adv. Op. 48, 327 P.3d at 501-02, such relief was not warranted here since the assets were actually adjudicated. An asset is adjudicated if the parties had a fair opportunity to litigate the division of the property. *Id.* at 502. Here, the district court specifically found that the property at issue had been previously litigated and adjudicated in the divorce decree, and substantial evidence supports the district court's determination. The record indicates that appellant had a fair opportunity to litigate the division of each of the assets he identifies, and the divorce decree disposes of the categories of property appellant contends were left undivided. Appellant's assertion that certain property was not explicitly named in the divorce decree is inconsequential, because the fact that an asset was not mentioned in the decree is not an exceptional circumstance justifying equitable relief. *Id.* at 503.

Accordingly, for the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.      _____, J.
Gibbons                                        Pickering

---

[1]Appellant's requests for relief regarding fees and costs are denied. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider claims that are not cogently argued or supported by relevant authority).

cc:    Hon. James Todd Russell, District Judge
Brian P. Hunt
Peter B. Jaquette
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A