An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION
OF FREDRICA C.B.

No. 68137

FREDRICA C.B.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES,
Respondent.

**FILED**

DEC 2 1 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from district court orders denying appellant's requests to inspect adoption records and to set aside the termination of her parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

Appellant's parental rights were terminated on June 3, 2013, and the children were adopted in November 2013. In November 2014, appellant initiated a new action by filing the underlying petition to inspect the district court records of the children's adoption. Appellant also filed in the same case a motion to set aside the order terminating her parental rights. The district court denied each motion in a separate order. Appellant now appeals.

Appellant's appeal statement is devoted to her argument that the order terminating her parental rights should be set aside because she was acquitted of the criminal charges for child abuse and neglect.[1] Once

---

[1]Appellant brought her district court motion under NRCP 60(b)(2), which motions are subject to a six-month time limit after the proceeding or entry of a final order, however, such motions may be treated as an
*continued on next page...*

an order terminating parental rights is properly entered under NRS 128.110, however, that order may not be set aside. NRS 128.120 (providing that unless a parent restores their parental rights under NRS 128.190, "the court has no power to set aside, change or modify" a valid termination order). Appellant neither alleges that the termination order was issued in violation of NRS 128.110 nor that her parental rights have been restored under NRS 128.190. Instead she argues that newly discovered evidence—the acquittal of the criminal child abuse and neglect charges—warrants setting the termination order aside. The termination order was not based on appellant's criminal proceedings, however, and was based on other grounds, including appellant's failure to comply with her case plan, stop using drugs, and remedy the situation that led to the children's removal. Additionally, changed circumstances occurring after a parental termination order is entered do not overcome NRS 128.120's prohibition on setting aside parental termination orders. NRS 128.120; *see In re Ronald V.*, 17 Cal. Rptr. 2d 334 (Ct. App. 1993) (interpreting California's counterpart to NRS 128.120, and holding that courts lack jurisdiction to hear collateral attacks to parental termination orders that are based on changed circumstances). Thus, the district court did not err when it denied appellant's motion to set aside the order terminating her parental rights. NRS 128.120; *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221

---

*...continued*
independent action for relief from judgment not subject to the NRCP 60(b) time limitation. *Doan v. Wilkerson*, 130 Nev., Adv. Op. 48, 327 P.3d 498, 501 (2014). Because NRS 128.120 prohibits appellant's requested relief regardless of the procedural mechanism with which it is sought, we need not decide the proper construction of appellant's motion.

P.3d 699, 704 (2009) (providing that on appeal questions of law are reviewed de novo).

As to the district court order denying appellant's petition to inspect the court records of the adoptions, NRS 127.140(2) provides that "[t]he files and records of the court in adoption proceedings are not open to inspection by any person" unless certain statutorily provided exceptions apply. Appellant's appeal statement fails to address the district court's order denying her petition to inspect the court records of the adoption and provides no argument that appellant should have been granted permission to inspect the adoption records. We therefore affirm the district court's order denying appellant's petition to inspect the court's records regarding the adoptions. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not consider claims that are not addressed in appellant's briefs and cogently argued and supported by relevant authority).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Frank P. Sullivan, District Judge, Family Court Division
Fredrica C.B.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A