# IN THE SUPREME COURT OF THE STATE OF NEVADA

PREMIER ONE HOLDINGS, INC., A NEVADA CORPORATION,
Appellant,
vs.
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-1, ERRONEOUSLY SUED HEREIN IN ITS INDIVIDUAL CAPACITY AS THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK,
Respondent.

No. 71094



FILED

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment and recognizing that summary judgment is proper when the movant is entitled to a judgment as a matter of law). In particular, because the HOA recorded its notice of default at a time when the subject

property was protected by the automatic stay, the recording of that notice had no legal effect. *See LN Mgmt. LLC Series 5105 Portraits Place v. Green Tree Loan Servicing LLC*, 133 Nev., Adv. Op. 55, 399 P.3d 359, 361 (2017) (observing that although courts disagree whether an act in violation of the automatic stay *is void or voidable*, the distinction is irrelevant when no attempt has been made to seek validation of the act from the bankruptcy court).[1] And because the HOA did not validly record the notice of default, the ensuing foreclosure sale was necessarily invalid.[2] Accordingly, the district court properly determined that the foreclosure sale was invalid and that respondent was entitled to summary judgment.[3] *Wood*, 121 Nev. at

---

[1]As in *LN Management*, 133 Nev., Adv. Op. 55, 399 P.3d at 361 n.3., appellant in this case acknowledged that it did not seek recourse from the bankruptcy court.

[2]Appellant contends that recording the notice of default when the automatic stay was in place should not invalidate the subsequent sale because respondent was not harmed by the recordation. Appellant also contends that even if the sale is invalid, it should nevertheless be deemed valid as to appellant because appellant was a bona fide purchaser. We decline to consider these arguments because they were not raised in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[3]Although appellant contends that respondent lacks standing to assert a violation of the automatic stay as a basis for invalidating the sale, this court rejected that same argument in *LN Management*, 133 Nev., Adv. Op. 55, 399 P.3d at 360 n.1. Similarly, although appellant contends that the district court lacked jurisdiction to determine whether a violation of the automatic stay occurred, appellant has not cited any on-point authority to support that argument. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that a party is responsible for supporting its arguments with salient authority).

729, 121 P.3d at 1029; *LN Mgmt. LLC*, 133 Nev., Adv. Op. 55, 399 P.3d at 361. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Linda Marie Bell, District Judge
        Janet Trost, Settlement Judge
        Morris Law Center
        Brooks Hubley LLP
        Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A