# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIDUCIAL, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant/Cross-Respondent,

vs.

THE BANK OF NEW YORK MELLON CORPORATION, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDER OF CWALT, INC. ALTERNATIVE LOAN TRUST 2007-J1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2001-JI, A DELAWARE CORPORATION,
Respondent/Cross-Appellant.

No. 71864

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

Having considered the parties' arguments and the record, we perceive no reversible error. *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). In particular, the district court correctly determined that Bank of New York Mellon's loan servicer (via its counsel Miles Bauer) tendered $567 to the HOA's agent (A&K), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC,*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal. As Bank of New York Mellon has chosen not to pursue its cross-appeal regarding its unjust enrichment claim, we do not address that claim.

18-908116

134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Although Fiducial, LLC contends that there was no admissible evidence to support the district court's finding that a tender had been made, we conclude that the testimony of Miles Bauer's custodian of records was sufficient to authenticate and lay the foundation for admitting the documents within Exhibit 512, which were produced before the discovery deadline. *See* 31 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 7145 (2018 Supp.) ("A person may certify that a record meets the requirements of [the federal analog to NRS 52.260] even though that person lacks knowledge of the specific transaction documented in the record or the creation of the specific document in question so long as she has general knowledge of the processes that lead to the creation and maintenance of documents of the type involved."); 30B Charles Alan Wright & Jeffrey Bellin, *Federal Practice and Procedure* § 6863 (2017) ("The question of the sufficiency of the foundation witness' knowledge centers on the witness' familiarity with the organization's record keeping practices, not any particular record. Thus, the witness need not be able to attest to the accuracy of a particular record or entry. If knowledge were required as to each particular entry in a record, document custodians could rarely satisfy the requirements of [the federal analog to NRS 51.135]." (internal quotation

marks and footnotes omitted)).[2] Additionally, and also based on Exhibit 512, it was reasonable for the district court to infer from David Alessi's testimony that the check within Exhibit 512 was received, as he testified that the check bore a stamp marked "Received" that matched the stamp used by A&K and that "21646" was written on the check, which corresponded with A&K's file number for the matter at issue. *Weddell*, 128 Nev. at 101, 271 P.3d at 748.

Fiducial further contends that A&K had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But A&K's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and A&K's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant

---

[2]Beyond timeliness of disclosure, authentication, and hearsay, we do not perceive Fiducial to be raising any other challenge to Exhibit 512. *Cf. See Edwards v. Emperor Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is a party's responsibility to present cogent arguments supported by relevant authority).

insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Additionally, although Fiducial contends that (1) Miles Bauer's tender was ineffective because it imposed conditions, (2) Miles Bauer needed to record evidence of the tender, and (3) Fiducial is protected as a bona fide purchaser, we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by Fiducial's argument that the letter accompanying the check contained conditions purporting to absolve Bank of New York Mellon of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Bank of New York Mellon might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust.

In sum, the district court correctly determined that Fiducial took title to the property subject to the first deed of trust. We therefore ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

cc: Hon. Gloria Sturman, District Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk