# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
VIETNAMESE-AMERICAN
SCHOLARSHIP FUND, AN
IRREVOCABLE TRUST.

No. 74963

DOAN L. PHUNG,
Appellant,
vs.
THU-LE DOAN,
Respondent.

FILED

MAR 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying judicial review, denying objections to a probate commissioner's report, and granting a motion to decant trust assets pursuant to Tennessee law. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

The issue presented by this appeal is whether the district court erred in ordering, under section 35-15-816 of the Tennessee Code, half of a wholly charitable trust's property "decanted" (i.e., appointed) into a newly created wholly charitable trust with the same purpose as the original charitable trust, to be administered solely by one trustee of the original trust, against the objection of co-trustees. Because the terms of the trust instrument require the unanimous consent of all trustees to make a distribution of half of the trust's assets, the district court erred in ordering the wholly charitable trust decanted.

In relevant part under section 35-15-816(b)(27)(A) of the Tennessee Code, "[a] trustee who has authority, under the terms of [the trust instrument], to invade the principal of a trust to make distributions" is permitted to "exercise such authority" and appoint "all or part of the

principal of the trust" to a newly created second trust, "[u]nless the terms of the instrument expressly provide otherwise." Respondent Thu-Le Doan argued, and the district court agreed, that this statute authorized the district court to order half of the property of the charitable trust, The Vietnamese-American Scholarship Fund, decanted into a newly created charitable trust with the same purpose as the original. Appellant Doan L. Phung argues that this was reversible error because "[n]owhere in the Charter is 'a trustee' allowed to invade the assets without the permission of the Board." (Emphasis added.) We agree with Phung.[1]

"When a statute's language is clear and unambiguous," we, like Tennessee courts, "will construe and apply its plain meaning." *Pickard v. Tennessee Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013); *accord Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 117 Nev. 835, 840, 34 P.3d 546, 550 (2001). Applying Tennessee law, we "focus initially on the statute's words, giving these words their natural and ordinary meaning in light of the context in which they are used." *Pickard*, 424 S.W.3d at 518.

Although the statute's plain language provides that "a trustee" may decant trust property if he or she has discretionary power to invade trust principal, Tenn. Code Ann. § 35-15-816(b)(27)(A), "trustee" is statutorily defined and not limited to a singular trustee when a trust has multiple trustees. *See* Tenn. Code Ann. § 35-15-103(38) (2015) (defining

---

[1]As an initial matter, we acknowledge that it is not clear whether section 35-15-816(b)(27)(A) applies to charitable trusts under Tennessee law. We need not reach this issue, however, because even if the statute did apply to the trust at issue, we conclude that, under its terms, the trust did not permit a trustee to unilaterally appoint or distribute property without the consent of his or her co-trustees.

"trustee" as "includ[ing] an original, *additional*, and successor trustee, *and a cotrustee*") (emphasis added). Thus, because the statute's phrase "a trustee" contemplates action by multiple trustees, and because the right under section 35-15-816(b)(27)(A) is subject to the terms of the trust instrument, we must address whether those terms permit a trustee to make a unilateral distribution.

Under Tennessee law, when construing the terms of a charitable trust, "the intention of the [settlor] is held to be of paramount importance." *See Henshaw v. Flenniken*, 191 S.W.2d 541, 545 (Tenn. 1945). Here, the relevant section of the trust instrument provides: "*Trustees . . . may in their discretion*" (emphasis added) manage trust property and income. By this language, the trust instrument gives the "trustees" power to manage trust funds only in "their" unanimous discretion; it does *not* give *a trustee* power to manage trust funds in *his or her* unilateral discretion. "[I]n the absence of statute or contrary direction in the trust instrument[,] [t]he trustees are regarded as a unit." George Gleason Bogert, *Law of Trusts and Trustees* § 554 (2d rev. ed. 1980). "They hold their powers as a group so that their authority can be exercised only by the action of all the trustees." *Id.* Because the trust instrument does not provide that a trustee may unilaterally invade trust principal, unanimous action by the trustees would be required to exercise the decanting right under the statute. *See* Tenn. Code Ann. § 35-15-816(b)(27)(A) ("[a] trustee *who has authority, under the terms of [the trust instrument],* to invade the principal of a trust to make distributions" may exercise the statutory decanting right). The district court therefore erred in ordering a course of action that the trust

SUPREME COURT
OF
NEVADA

3

(O) 1947A

instrument did not permit and that the settlors did not intend.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

---

[2]We have considered the parties' other arguments and have concluded that they lack merit. It is the parties' "responsibility to cogently argue, and present relevant authority, in support of" their arguments. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). We will not consider issues not so presented. *Id.*

cc: Hon. Gloria Sturman, District Judge
Carolyn Worrell, Settlement Judge
Mushkin Cica Coppedge
Goldsmith & Guymon, P.C.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A