# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN TRUST 2006-1 MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-1,
Appellant,
vs.
NEVADA SANDCASTLES, LLC,
Respondent.

No. 75341

FILED

SEP 16 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent Nevada Sandcastles, LLC's, motion for summary judgment and denying appellant U.S. Bank National Association's motion for summary judgment. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

In 2012, U.S. Bank recorded a notice of default of its deed of trust on the property at issue after the homeowners defaulted on their loan. In 2013, the homeowners' association (HOA) for the property filed a notice of delinquent assessment lien after the homeowners failed to pay their dues. In 2014, the HOA rescinded this notice and recorded a new notice on the same day identifying an updated lien amount. Later that year, U.S. Bank acquired title to the property and the HOA recorded its notice of foreclosure

19-38530

sale. Subsequently, U.S. Bank twice requested an itemized payoff statement from the HOA, which the HOA provided both times. The HOA required, and the U.S. Bank provided, a $150 fee to obtain the first payoff amount demand. To accommodate U.S. Bank's request and attempt to tender its superpriority amount, the HOA postponed the foreclosure sale of the property and provided a second payoff demand. U.S. Bank requested a third payoff amount and asked the HOA to postpone the scheduled foreclosure sale yet again. In doing so, U.S. Bank affirmed its intent to pay off the nine month superpriority amount. The HOA refused to extend the date of the foreclosure sale, and Nevada Sandcastles purchased the property at the HOA foreclosure sale.

Nevada Sandcastles then filed suit in district court to quiet title to the property. U.S. Bank filed a counterclaim seeking the same. Both parties moved for summary judgment, and the district court granted summary judgment in favor of Nevada Sandcastles. It concluded that the HOA sale complied with NRS 116.31162 and that, despite its requests for the payoff amount, U.S. Bank never actually tendered the superpriority amount.

On appeal, U.S. Bank argues that its payoff requests, coupled with its affirmation of intent to pay off the nine month superpriority amount, constituted tender, that the HOA's notice of sale listed the superpriority amount incorrectly, which justified setting aside the sale, and,

generally, that the sale was commercially unreasonable.[1]  Nevada Sandcastles disputes each of U.S. Bank's arguments.

We review a district court's decision to grant summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).  Summary judgment is proper "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted) (alteration in original).

"Valid tender requires payment in full." *Bank of America, N.A. v. SFR Investments Pool, 1, LLC*, 134 Nev. Adv. Op. 72, 427 P.3d 113, 117 (2018).  As such, "mere offers to pay, or declarations that the debtor is willing to pay, are not enough." *Southfork Invs. Grp., Inc. v. Williams*, 706 So.2d 75, 79 (Fla. Dist. Ct. App. 1998).  Thus, we conclude here that U.S. Bank's payoff requests and statement of intent to tender do not constitute a valid tender.  While we have recognized that "any affirmative tender of performance is excused when performance has in effect been prevented by the other party to the contract," *Cladianos v. Friedhoff*, 69 Nev. 41, 45, 240

---

[1]In *Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 740, 746, 405 P.3d 641, 642, 646 (2017), this court held "that HOA real property foreclosure sales are not evaluated under Article 9's commercial reasonableness standard, . . . [but instead] are governed by this court's longstanding framework for evaluating any other real property foreclosure sale: whether the sale was affected by some element of fraud, unfairness, or oppression."  Thus, this court considers whether any evidence of fraud, oppression, or unfairness accompanied the HOA's foreclosure sale of the property—not whether the sale was commercially reasonable.

P.2d 208, 210 (1952), there is no evidence in the record to suggest that the HOA or one of its agents prevented U.S. Bank from tendering the superpriority amount. Rather, the HOA gave U.S. Bank a number of opportunities to pay the superpriority amount and it failed to do so.[2]

We are also unpersuaded by U.S. Bank's argument that the district court should have set aside the HOA sale because the notice of sale contained an incorrect lien amount. NRS 116.31162(1)(b) requires an HOA to record the notice of delinquent assessment that it mails to a homeowner. The notice must describe the deficiency in payment, state the name of the person authorized by the association to enforce the lien, and contain a warning that the amount specified in the notice must be paid or the homeowner will lose his or her home. Further, we held in *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, that an incorrect amount listed on the notice of sale was a "technical irregularity" that did not constitute fraud, oppression, or unfairness because,

> [a]lthough the notice of sale technically violated the statute, . . . there is no evidence in the record to suggest that [the lender] ever tried to tender payment in any amount to the HOA, much less that

---

[2]U.S. Bank also argues that Nevada Association Services, the HOA's agent that conducted the foreclosure sale, knew U.S. Bank was attempting to tender the superpriority amount because it paid the HOA's $150 service fee to get the payoff statement. However, we decline to consider this argument as U.S. Bank fails to provide any cogent argument or relevant authority for its proposition that notice of intent to pay constitutes tender. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (determining that this court need not consider claims that are not cogently argued or supported by relevant authority).

> [the lender] was confused or otherwise prejudiced
> by the notice of sale.

133 Nev. 740, 752-53, 405 P.3d 641, 650 (2017). The record here likewise does not establish that the incorrect lien amount affected U.S. Bank's participation in the HOA sale in a way that constituted fraud, oppression, or unfairness such that the district court should have set aside the HOA sale.

Finally, U.S. Bank argues that the HOA's failure to postpone its sale so that it could tender constituted unfairness. A foreclosure sale may be set aside if the price obtained is inadequate and the sale is accompanied by some irregularity, such as evidence of fraud, oppression, or unfairness. *Golden v. Tomiyasu*, 79 Nev. 503, 516, 387 P.2d 989, 995 (1963) ("If the sale has been attended by any irregularity . . . *and* the property has been sold at a greatly inadequate price,–the sale may be set aside . . . .") (quoting *Schroeder v. Young*, 161 U.S. 334, 338 (1896)). Potential irregularities include, but are not limited to: (1) selling lots together that should have been sold separately, (2) selling property in a manner that prevents it from selling for full value, (3) preventing bidders from attending the auction, (4) some undue advantage that prejudices the owner, and (5) collusive conduct benefitting the purchaser. *Id.* A low sales price alone is not sufficient to set aside a sale. *See id.* at 514-15, 387 P.2d at 994-95.

We conclude that the HOA foreclosure sale was not accompanied by any evidence of fraud, oppression, or unfairness. The HOA provided notice of the entire amount due on the HOA lien, which contained enough information to put U.S. Bank on notice of the superpriority amount it needed to tender to secure its deed of trust. The HOA also postponed the auction once and provided numerous payoff statements to U.S. Bank,

showing that it was not attempting to prevent bidders from attending the auction. *See Golden,* 79 Nev. at 516, 387 P.2d at 995. U.S. Bank chose not to tender or attend the auction. Therefore, we conclude that no evidence of fraud, oppression, or unfairness accompanied the sale and that Nevada Sandcastles was entitled to summary judgment as a matter of law.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Tierra Danielle Jones, District Judge
John Walter Boyer, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk

---

[3]Because we conclude that Nevada Sandcastles lawfully purchased the property at the foreclosure sale and there is no legitimate competing claim, we need not address whether it is a bona fide purchaser. *See 25 Corp. v. Eisenman Chem. Co.,* 101 Nev. 664, 675, 709 P.2d 164, 172 (1985).