# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR-IN-
INTEREST TO WACHOVIA BANK,
N.A., AS TRUSTEE FOR GSR 2005-8;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, C/O BAC, ON
INFORMATION AND BELIEF, A
FOREIGN LIMITED PARTNERSHIP
REGISTERED IN TEXAS; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. "MERS," A
CORPORATION STATE OF
INCORPORATION UNKNOWN; AND
RECONTRUST COMPANY, N.A.,
Respondents.

No. 76842



FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that the agent for respondent U.S. Bank's predecessor tendered $810 to Nevada Association Services, which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-03260

113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 607-11, 427 P.3d at 118-21.

Appellant mentions that respondents failed to introduce admissible evidence that the tender was delivered, but appellant has not provided any coherent argument as to *why* respondent's evidence was inadmissible. Thus, we decline to consider any admissibility-related issues. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is a party's responsibility to put forth cogent arguments). Similarly, we are not persuaded that U.S. Bank failed to establish its standing to assert an interest in the subject property, and in any event, we question why a lack of standing would result in appellant being entitled to summary judgment if appellant had been litigating against the wrong entity.

Appellant also contends that the tender was ineffective because it imposed conditions, but we recently rejected similar arguments. *Bank of Am.*, 134 Nev. at 607-08, 427 P.3d at 118. Relatedly, we are not persuaded that the letter accompanying the check definitively stated that maintenance and nuisance abatement charges could never be part of the superpriority portion of the HOA's lien, as no such charges were at issue in relation to the subject property at the time the letter was delivered. *Cf. Prop. Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev. 462, 466-67, 401 P.3d 728,

731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default). Accordingly, the district court correctly determined that appellant took title to the property subject to the first deed of trust.[2] We do not construe the district court's order as having determined that the second deed of trust securing the Home Equity Line of Credit survived the foreclosure sale. Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____*Pickering*_____, C.J.
Pickering

_____*Gibbons*_____ J.
Gibbons

_____*Douglas*_____, Sr. J.
Douglas

cc: Hon. Kenneth C. Cory, District Judge
Janet Trost, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[2]We clarify that the district court did not grant U.S. Bank equitable relief. Rather, it correctly determined that appellant took title to the property subject to the first deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev. at 610, 427 P.3d at 120.

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.