IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE & IN-CHING, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
DEUTSCHE BANK NATIONAL TRUST
COMPANY, A FOREIGN
CORPORATION,
Respondent.

No. 77875

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's predecessor (through Miles Bauer) tendered $1,440 to the HOA's agent (Red Rock), which represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-18624

that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 608-12, 427 P.3d at 118-21.

Appellant contends that Red Rock had a good-faith basis for rejecting the tender, but Red Rock's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law.[2] *Id.* at 608-10, 427 P.3d at 119-20. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and Red Rock's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 612, 427 P.3d at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[2]Appellant also contends that the tender was invalid because Miles Bauer acted in bad faith by sending a check even though it knew the check would be rejected. Appellant provides no support for this argument, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider arguments that are not supported by authority), and in any event, we question why Miles Bauer's actions would constitute bad faith.

cc:    Hon. Jacqueline Bluth, District Judge
Persi J. Mishel, Settlement Judge
Hong & Hong
Akerman LLP/Las Vegas
Eighth District Court Clerk