# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY ELIZABETH LAFRANCE,
Appellant,
vs.
GAIL H. CLINE,
Respondent.

No. 76161

**FILED**

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING[1]

This is an appeal from a district court's findings of fact, conclusions of law, and decree of divorce. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

Appellant, Mary LaFrance, and respondent, Gail Cline, Nevada residents, entered into a civil union in Vermont in 2000.[2] Thereafter, in 2003, the couple entered into a marriage in Canada. In 2014, the parties began dissolution proceedings which resulted in a decree of divorce in 2018. During the dissolution proceedings, the district court recognized the start date of the parties' community as the 2000 Vermont civil union and applied community property principles to all property acquired by the couple post-2000.

LaFrance argues on appeal that the district court erred in determining that the community commenced in 2000 and in applying

---

[1]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

[2]We only recount the facts as necessary for our disposition.

community property principles retroactively when the parties intended otherwise. LaFrance contends that when she and Cline entered into their civil union and marriage, neither the civil union nor the marriage were recognized or considered valid under state or federal law. Thus, she argues, she and Cline had no expectation or notice that community property rights under Nevada law would apply to them until 2014, when Nevada's prohibition on same-sex marriage was declared unconstitutional in *Latta v. Otter*, 771 F.3d 456 (9th Cir. 2014). As a result, LaFance argues, the parties' community should not start until that time. Conversely, Cline argues that *Obergefell v. Hodges*, 576 U.S. 644 (2015), requires Nevada to "recognize government sanctioned unions entered into by same-sex couples" as of the dates the unions were entered into. She argues that the district court properly determined that the community should start as of the date of the 2000 Vermont civil union.

*The Vermont civil union is not the start of the parties' community*

This court reviews questions of law de novo. *Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 631, 403 P.3d 1270, 1275 (2017). Further, when the district court bases a ruling on a legal interpretation, this court reviews it de novo. *Davis v. Beling*, 128 Nev. 301, 311, 278 P.3d 501, 508 (2012).

At the time the parties initiated the dissolution proceedings and the district court determined that their 2000 civil union commenced the community for the purpose of property division, Nevada recognized civil unions from other states, but only when couples registered their civil unions as domestic partnerships with the Nevada Secretary of State.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

NRS 122A.500[3]; NRS 122A.100[4]. In such cases, the date of registration would serve as the date of the couples' domestic partnership for community property and spousal support purposes. NRS 122A.200(1)(j)[5]. LaFrance and Cline never registered their Vermont civil union. As a result, it was not recognized in the State of Nevada as affording the parties the rights and obligations of domestic partners under Nevada law.[6] *See id.*

Nonetheless, Cline, relying on *Obergefell*, argues that because the Vermont civil union bestowed on them the same rights and duties as a spouse, Nevada must recognize the civil union as the beginning of the

---

[3]This statute was amended as of July 1, 2017. *See* 2017 Nev. Stat., ch. 72, § 6, at 291. The references to NRS 122A.500 in this opinion are to the previous version.

[4]This statute was amended as of July 1, 2017. *See* 2017 Nev. Stat., ch. 72, § 3, at 288-89. The references to NRS 122A.100 in this opinion are to the previous version.

[5]This statute was amended as of July 1, 2017. *See* 2017 Nev. Stat., ch. 72, § 4, at 289-90. The references to NRS 122A.200 in this opinion are to the previous version.

[6]The Domestic Partnership Act was amended to eliminate the registration requirement in 2017, before the parties' divorce was finalized, *see* 2017 Nev. Stat., ch. 72, § 6, at 291, but neither party argues that their civil union should be recognized as a domestic partnership under Nevada law. Additionally, neither party argues that we should apply the 2017 amendments retroactively. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (determining that this court need not consider claims that are not cogently argued or supported by relevant authority); *see also Sandpointe Apartments, LLC v. Eighth Judicial Dist. Court*, 129 Nev. 813, 820, 313 P.3d 849, 853 (2013) ("Substantive statutes are presumed to only operate prospectively, unless it is clear that the drafters intended the statute to be applied retroactively.").

marital relationship for community property purposes. *Obergefell*, however, requires states to recognize only same-sex *marriages* that are lawful in other states; it does not address the rights of same-sex couples who entered into civil unions. *Obergefell*, 576 U.S. at 681. And, neither Vermont nor Nevada equates a civil union with a marriage.[7] Therefore, we conclude that the district court erred in determining that the Vermont civil union was the commencement of the parties' community.

*The parties' 2003 Canadian marriage was the start of their community*

The parties' 2003 Canadian marriage was not recognized in Nevada as valid until after the parties sought to dissolve their marriage. Nevertheless, we conclude that the 2003 marriage was the commencement of the parties' community for community property purposes. In 2015, before the parties' divorce was finalized, the United States Supreme Court decided *Obergefell*. *Id.* at 644. The Court in *Obergefell* held that "the right to marry is a fundamental right," *id.* at 675, and that each state must "recognize a

---

[7]When Vermont enacted its civil union statute in 2000, affording same-sex couples the same rights as opposite-sex couples, it specifically detailed that a civil union is not the equivalent of a civil marriage. 2000 Vermont Laws P.A. 91, § 1(1) ("Civil marriage under Vermont's marriage statutes consists of a union between a man and a woman."). In 2009, Vermont legalized same-sex marriage; however, unlike other states, Vermont did not transform previously entered-into civil unions into marriages. Vt. Stat. Ann. tit. 115, § 8 (West 2009); *Solomon v. Guidry*, 155 A.3d 1218, 1221 (Vt. 2016). Nevada also does not equate a civil union with a marriage, but rather recognizes a civil union as an alternative to marriage. *See* NRS 122A.500 ("A legal union of two persons, *other than a marriage* as recognized by the Nevada Constitution, that was validly formed in another jurisdiction . . . must be recognized as a valid domestic partnership . . . ." (emphasis added)).

lawful same-sex marriage performed in another State," *id.* at 681. Although the Supreme Court has not opined on the retroactive effects of its *Obergefell* holding, the Supreme Court has "recognized a general rule of retrospective effect for [its] constitutional decisions." *Harper v. Va. Dept. of Taxation*, 509 U.S. 86, 94 (1993) (internal quotation marks omitted). "When . . . a rule of federal law [is applied to a case], . . . that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate . . . the rule."[8] *Id.* at 97. The parties' divorce was not finalized until 2018 and *Obergefell* was decided in 2015. Therefore, we conclude that the Supreme Court's constitutional decision in *Obergefell*, requiring states to recognize same-sex marriages, applies retroactively to the parties' 2003 Canadian marriage. Accordingly, we conclude that the commencement of the parties' community is the date of their 2003 Canadian marriage.

LaFrance argues that retroactivity is unfair because she and Cline managed their finances and property under the assumption that they did not have the legal rights and duties enjoyed by opposite-sex spouses. However, under *Obergefell*, Nevada must credit the parties' marriage as having taken place in 2003 and apply the same terms and conditions as accorded to opposite-sex spouses. *See Obergefell*, 576 U.S. at 681 (stating that states must give full faith and credit to marriages lawfully licensed in

---

[8]The Supreme Court has provided exceptions for when federal judicial retroactivity is not required—none of which apply here. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758-59 (1995).

other states).[9] These conditions include a presumption that any property acquired during the marriage is community property, NRS 123.220, and an opportunity for spouses to rebut this presumption by showing by clear and certain proof that specific property is separate. *Todkill v. Todkill*, 88 Nev. 231, 235-36, 495 P.2d 629, 631-32 (1972).

Because the district court erred in determining that the community began in 2000, and in applying the presumption of community property as of that date, we reverse that portion of the decree of divorce that concerns the division of the parties' property, and we remand this matter to the district court to apply community property principles, including tracing, to the parties' property acquired after their 2003 Canadian marriage. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____ J.          _____, J.
Gibbons                                          Hardesty

_____, J.          _____, J.
Parraguirre                                     Stiglich

_____, J.
Cadish

---

[9]LaFrance does not dispute that *Obergefell* requires Nevada to recognize the marriage as valid.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Mathew Harter, District Judge
Carolyn Worrell, Settlement Judge
Kainen Law Group
Willick Law Group
James M. Davis Law Office
Jones & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

7