# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMETHYST PAYNE; IRIS PODESTA-MIRELES; ANTHONY NAPOLITANO; ISAIAH PAVIA-CRUZ; VICTORIA WAKED; CHARLES PLOSKI; DARIUSH NAIMI; TABITHA ASARE; SCOTT HOWARD; RALPH WYNCOOP; ELAINA ABING; AND WILLIAM TURNLEY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,
Appellants/Cross-Respondents,
vs.
STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION (DETR); HEATHER KORBULIC, IN HER OFFICIAL CAPACITY AS NEVADA DIRECTOR OF EMPLOYMENT, TRAINING, AND REHABILITATION; DENNIS PEREA, IN HIS OFFICIAL CAPACITY AS DEPUTY DIRECTOR OF DETR; AND KIMBERLY GAA, IN HER OFFICIAL CAPACITY AS THE ADMINISTRATOR FOR THE EMPLOYMENT SECURITY DIVISION (ESD),
Respondents/Cross-Appellants.

No. 81763



FILED

SEP 1 3 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal and cross-appeal arising from district court orders resolving a petition for writ of mandamus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.[1]

---

[1]The Honorable Abbi Silver, Justice, did not participate in the decision of this matter.

21-26385

Each named appellant—Amethyst Payne, Iris Podesta-Mireles, Anthony Napolitano, Isaiah Pavia-Cruz, Victoria Waked, Charles Ploski, Dariush Naimi, Tabitha Asare, Scott Howard, Ralph Wyncoop, Elaina Abing, and William Turnley—is or was a worker in Nevada's "gig" economy, the market for short-term contract or freelance jobs. Appellants all lost work or saw their income reduced due to the effects of the COVID-19 public health emergency. Each therefore applied, via the respondent Department of Employment, Training, and Rehabilitation's (DETR) website, for Pandemic Unemployment Assistance (PUA) benefits as authorized by the federal Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Appellants were "first filers," meaning they applied for PUA benefits relatively early on in DETR's implementation of the program, when claim numbers were skyrocketing and DETR's website was in its pilot stage (a period described by a DETR representative as "trying to fly a plane while you're building it at the same time"). Due to an unexplained system "glitch[ ]," DETR's fledgling website flagged appellants' applications as potentially fraudulent or ineligible, and delayed disbursement of their benefits. Appellants' attempts to resolve the technical issue directly with DETR either went unanswered or resulted in inconsistent information from call-center contract workers.

Frustrated, appellants retained counsel who filed a combined petition for a writ of mandamus and complaint for civil damages on their collective behalf in district court.[2] Primarily, the petition/complaint asked the district judge to mandate that DETR begin paying PUA benefits to claimants on their prima facie showing of a legitimate claim, and resolve

[2]Although appellants styled their case caption as a class action, they neither moved for nor received class certification.

potential issues of fraud or ineligibility after the fact. The district judge appointed a special master to help navigate the complex questions surrounding PUA eligibility, the prevalence of fraud within the program, and the sufficiency of DETR's system for automated claims. Following the special master's submission of an extensive report, as well as a hearing where the special master testified to the same, the district judge denied appellants' petition to the extent that appellants sought an order mandating DETR's immediate payment of PUA funds upon application, prior to determining eligibility. But the district judge did not stop there. Despite denying the mandamus relief that appellants requested, he granted mandamus to the extent of requiring DETR to keep paying all PUA benefit recipients prior to and absent any hearing to terminate benefits. Appellants' related claims for civil damages were left unresolved.

Appellants and respondents appealed and cross-appealed the order of mandate, and a panel of this court dismissed for lack of jurisdiction. *Payne v. State, Dep't of Emp't, Training & Rehabilitation*, Docket No. 81582 (Order Dismissing Appeal and Cross-Appeal, Aug. 26, 2020) (concluding that the district court's order was not final because the civil claims were unresolved). Back in the district court, the district judge entered an order purporting to sever the mandamus claims from the complaint for damages, and certifying the mandamus order as final under NRCP 54(b). This appeal and cross-appeal of the certified mandamus order followed. On appeal, appellants challenge the district court's denial of their request for a writ of mandamus requiring DETR to begin payment of PUA benefits to all claimants immediately on a "prima facie" showing of a legitimate claim (that is, the applicant's filing of a self-attesting application) and resolve potential issues of fraud or ineligibility after the fact. DETR's cross-appeal

asks this court to vacate the order of mandate prohibiting DETR's termination of benefits without a hearing.

We affirm the district court's denial of appellants' request for a writ of mandamus directing DETR to process and pay their claims. By the time of the hearing on the petition/complaint, DETR had processed each of appellants' applications, and paid benefits to all but one of them; as to the appellant whose claim DETR denied, the denial appears to have been on the merits, for disqualifying excess earnings.[3] To have a justiciable claim to mandamus in district court, appellants needed to demonstrate that they had a "direct and substantial interest that falls within the zone of interests to be protected by the legal duty asserted." *Heller v. Legislature of Nev.*, 120 Nev. 456, 460-61, 93 P.3d 746, 749 (2004) (quotation omitted). "Stated differently, the writ must be denied if the petitioner will gain no direct benefit from [the petition's] issuance and suffer no direct detriment if it is denied." *Id.* (quotation omitted). Because DETR had processed, and either paid or denied on the merits, appellants' claims before the hearing occurred, the district court correctly denied their mandamus request: granting the writ would not benefit them and its denial would not work to their detriment. The class action allegations in the complaint do not affect this conclusion—appellants neither sought nor received class certification in district court and made no argument until their reply brief on appeal that, as individuals, they should be allowed to assert the rights of third parties. *See Palmieri v. Clark County*, 131 Nev. 1028, 1047 n.14, 367 P.3d 442, 455 n.14 (2015) ("As a general rule, issues not raised before the district court or in the appellant's opening brief on appeal are deemed waived.").

---

[3]Appellants present no argument as to the individual whose application DETR denied and represent that this appellant has resumed working as an Uber driver.

Appellants likewise did not argue in their opening brief on appeal that DETR processed and began paying their claims in order to avoid having the district court decide their mandamus, so we do not consider whether, if shown, this would save their claims from mootness. *Palmieri*, 131 Nev. at 1047 n.14, 367 P.3d at 455 n.14. Nor does the argument that appellants raise in their reply—that the claims are capable of repetition but evading review—carry. True, this court has recognized that potential future third-party injuries may be taken into account in applying this exception, but only where those other third parties are "similarly situated to the complainant[s]." *Valdez-Jimenez v. Eighth Judicial Dist. Court*, 136 Nev. 155, 160, 460 P.3d 976, 983 (2020). Here, it is not clear that any of the "hundreds of thousands of [other] real people" appellants imagine might be injured in the future by DETR would be similarly situated to them—as discussed, appellants' applications were delayed by a processing "glitch," while the injuries referenced in the third-party emails considered by the district court relate to allegedly wrongful termination or reduction of *existing* benefits, denial of eligibility on the merits, change in payment dates, inadequate provision of IT support, requiring supporting documentation of identity and prior employment, and/or requiring repayment of prior overpayments. *Compare with Valdez-Jimenez*, 136 Nev. at 160, 460 P.3d at 983 (noting that third-parties were similarly situated because "[p]etitioners . . . provided documents from other criminal cases in which defendants have raised similar arguments before the justice court or district court"). Moreover, appellants do not cogently argue to the contrary, much less cite to *Valdez-Jimenez* and argue its application on these facts. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting appellants' "responsibility to cogently argue, and present relevant authority, in support of [their] appellate concerns").

Supreme Court
OF
Nevada

(O) 1947A

Turning to the part of the district court's order mandating that DETR always hold a hearing before terminating any PUA payments once begun, whatever the reason for the termination, we vacate and remand. As an initial matter, this categorical mandate is directly contrary to guidance issued from the United States Department of Labor implementing the CARES Act program, which provides that no pretermination hearing is required when, for instance, there is no "essential disagreement [on eligibility]," see 20 C.F.R. pt. 614, app. B § 6013(A)(1) (2020), a point appellants themselves concede. And, as the attorney general stated and the district court recognized, "the stopped-payments issue" that the order of mandamus addressed "[was] not something that [was] specific" to the "named plaintiffs"; that is, appellants did not allege that DETR had wrongfully terminated their own payments. Instead, the district court's order of mandamus purported to remedy allegations made in emails from various unnamed third parties, which emails appellants included in their petition record. For these reasons, the district court's issuance of writ relief categorically requiring a hearing before cessation of benefits was in error—again, appellants could only represent their own interests. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) (holding that generalized injury suffered by a federal taxpayer is not "the kind of redressable 'personal injury'" necessary to confer standing); *Heller*, 120 Nev. at 460-61, 93 P.3d at 749. Without a showing of a threatened or actual clear violation of duty by DETR to appellants as opposed to third parties, the broad mandamus granted by the district court respecting the procedures by which termination of benefits must proceed is improper and must be vacated by this court.

We sympathize with appellants—the economic circumstances that the COVID-19 global pandemic thrust upon residents of this state were

dire; the relief offered by PUA benefits of urgent necessity. The respective declarations of the individual appellants demonstrate their increasing desperation in the face of DETR's website's "glitches" and DETR's call-center contractors' inadequate responses thereto. But, however justified and relatable appellants' frustrations may be, for the reasons above we must affirm the district court's denial of mandamus as to the named appellants, and vacate the grant of mandamus purporting to direct DETR's practices more broadly as to third parties. Without expressing any opinion on the remaining claims in this or the severed case, we therefore

ORDER the judgment of the district court denying in part and granting in part appellants' petition for a writ of mandamus AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

_____, J.          _____, J.
Cadish                        Pickering

_____, J.
Herndon

cc: Hon. Barry L. Breslow, District Judge
Lansford W. Levitt, Settlement Judge
Thierman Buck LLP
Attorney General/Carson City
Attorney General/Las Vegas
Nevada Legal Services/Las Vegas
U. S. Department of Justice
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A